In the Matter of the Claim of WILLIAM LANG, as Executor,
    etc., Respondent, v. The Estate of ELIZA STRINGER,
    Deceased, Appellant.

While, where upon the final accounting of an executor he claims an over-
    payment to a legatee, the fact and the extent of the over-payment may
    be a material inquiry in ascertaining the amount of the distributive
    shares, and so the decision of the surrogate may be binding upon the
    legatee if made a party to the accounting, the surrogate has no jurisdic-
    tion to compel the legatee to restore the amount of the over-payment,
    but, *it seems*, the executor must resort to his action to recover it.
The will of S. named L. as executor and H. as executrix; the latter was
    also residuary legatee.· L. had the exclusive management of the estate
    and possession of its assets.    The personalty consisted principally of
    money in savings banks.    The bank books were delivered by L. to H.
    as such legatee.    Upon final settlement of the accounts of L., in which
    accounts he stated in substance that the bank books were so delivered
    in payment of the legacy to H., he presented a claim against the estate
    for moneys paid and for services rendered to the testatrix during her
    lifetime; a portion of the claim was allowed by the surrogate, also an
    allowance was made for the expenses of the accounting and for the
    commissions of L. as executor.    These the surrogate directed to be
    paid out of any assets remaining in the hands of L. as executor, and
    which might thereafter be received by him.    It appeared that there
    were no assets remaining in the hands of L. as executor.    *Held*, that the
    surrogate properly decided that he had no power to compel H. to pay
    over to L. any part of the sums received by her for the purpose of sat-
    isfying his claims; that the latter could not be heard to claim that the
    fund was not paid to his co-executor, in her character as legatee, con-
    trary to the averments in his petition.
*Matter of Lang* (67 Hun, 107), reversed.

   (Submitted December 20, 1894; decided January 15, 1895.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 13, 1893, which reversed in part a decree of the surrogate of Westchester county upon an accounting of William Lang, as executor of the last will and testament of Eliza Stringer, deceased.

William Lang and Cecilia A. Howell were named as the executors of the will of Eliza Stringer, deceased, and duly qualified as such on the 20th day of July, 1888. The testatrix died seized of a house and lot and personal property inventoried at $6,512.56, but of the value, as found by the surrogate, of $6,092.51. By her will she gave to William Lang, as executor, certain articles of personal property and the use of the house and lot for five years on condition of his paying the taxes thereon, and a few small legacies to other parties. The remainder of the property she gave to Cecilia A. Howell, and following this gift is this clause: "At her death the property to be divided equally between her three daughters," naming them. The personal property of the testatrix consisted principally of money in savings banks. Although both executors qualified, the respondent Lang had the sole management of the estate. In September, 1889, he applied to the surrogate for a judicial settlement of his accounts as executor. In his petition he set forth the names of the legatees, heirs at law and next of kin of the decedent, naming, among others, Cecilia A. Howell, the executrix. The surrogate issued a citation directed to all persons named, which was duly served, and on the return day of the citation, September 23, 1889, the executor Lang presented and filed his verified account, which set forth that he had had the sole management of the estate; that he had paid all the legacies to the legatees, "including bank books to Cecilia A. Howell, legatee," and in the schedules annexed to the account it was stated "that there were no debts except the money due from the savings banks, stated in the inventory, which were delivered to the legatee Cecilia A. Howell by me," and that "all the articles mentioned in the inventory were delivered to the

legatees, among which were the bank books." The executor also having set forth in his account that he had a claim against the estate for taxes paid during the lifetime of the testatrix, at her request, to the amount of $218.45, and for board and services furnished to and rendered by him for her from March 10, 1884, to July 1, 1888, of the value of $3,288, this claim was contested on the hearing before the surrogate and was disallowed. The General Term reversed the decision of the surrogate on this point and remitted the case for a re-hearing. The surrogate, on the re-hearing, allowed the claim to the extent of $1,241, with interest from September 23, 1889, also the sum of $421.50, the costs, fees and disbursements on the accounting, and $93.75 commissions, to be paid out of any assets remaining in his hands as executor or which might thereafter be received by him. It appeared that there were no assets remaining in the hands of Lang as executor. The surrogate found that he delivered to Cecilia A. Howell, legatee under the will, bank books representing in value $6,092.51, but he held that he had no power to compel her to pay over to him any part of said sum for the purpose of satisfying his claims against the estate established by the decree. The General Term, on appeal from this second decree, reversed this decree so far as it held that the executor William Lang had paid to Cecilia A. Howell, as legatee, the sum above stated and the finding that the surrogate had no power to compel her to pay to him the amount required to satisfy his claims against the estate.

*William P. Fiero* for appellant. The decree of the surrogate that there is " no power " in the Surrogate's Court " to compel said Cecilia A. Howell, legatee, to pay over to said William Lang " the amount of his claim, should have been sustained by the General Term, and its reversal in that regard was erroneous. (*In re Underhill*, 1 Connolly, 313; 117 N. Y. 471.)

*Arthur T. Hoffman* for respondent. The principle is *res adjudicata* in this state that the surrogate can compel any

co-executor having assets to apply them in payment of debts. (*Burt* v. *Burt*, 41 N. Y. 51.) The recovery of his claim against the estate is a personal claim, a debt due from the estate, and not a claim by an executor against a legatee. (Code Civ. Pro. § 2743 ; 117 N. Y. 475.)

ANDREWS, Ch. J. The case *In re Underhill* (117 N. Y. 471) is a controlling authority upon the point involved in this appeal. It was there held that on the judicial settlement of the accounts of an executor the Surrogate's Court has no jurisdiction to compel a legatee to whom an over-payment had been made by the executor to restore to the estate the amount of the over-payment, but that the executor must resort to his action to recover it. The decision was reached on a consideration of the scope of the proceeding for an accounting under the statute, the limited jurisdiction of Surrogates' Courts, and upon other considerations set forth at length in the opinion of the court. It was said that in contemplation of law all assets of the estate with which the executor is chargeable are presumed to be in his possession, except so far as they are shown to have been lawfully paid out or distributed, and that the question whether there had been an over-payment to a legatee was a matter personally between the executor and legatee to whom the over-payment had been made. It was pointed out that in ascertaining the amount of the distributive shares and the persons entitled to payments under the decree, the fact and the extent of the over-payment might become a material inquiry on the accounting, and that the decree of the surrogate in respect thereto might be binding on the legatee to whom an over-payment had been made, and who had been brought into the accounting, as *res adjudicata* in another proceeding to recover it. But the court held that no affirmative relief to compel re-payment could be granted by the surrogate. There are two points of distinction between that case and this upon which the respondent relies. The legatee Cecilia A. Howell was co-executor with Lang, as well as legatee under the will. It is claimed, therefore, that she held the fund paid to her in

her character as executrix to the extent necessary to satisfy any
claims against the estate.      But this claim ignores the admitted
fact that Lang took the sole management and possession of
the estate, and that he transferred the fund to his co-execu-
tor, not in her character as such, but exclusively in her
right as residuary legatee under the will.      He did this not
only before any accounting, but before he had made or
established any personal claim against the estate.      So far as
appears, this claim was first made after he had voluntarily put
out of his hands the means of payment.      It is also urged that
this case differs from *In re Underhill*, in the fact that there
the claim was by the executor against the legatee, while here
the executor sought to recover assets to satisfy a debt due
from the estate.      We do not perceive that the alleged dis-
tinction creates any difference in principle between the two
cases.      The respondent, on the re-hearing before the surrogate,
established his claim in part, and it was adjudged that it was
payable out of any assets of the estate in the hands of the
executor, or which might come to his hands.      It appeared
that he had distributed the fund applicable to its payment.
Very likely, in a proper proceeding, the legatee Cecilia A.
Howell could be compelled to restore it *pro tanto* to the
executor as a payment made by mistake, and when recovered
by him in that character, he would be authorized to pay his
personal claim thereout.      But the accounting was by Lang as
executor.      He had unadvisedly stripped himself of the means
of paying his claim as creditor.      Obviously, if the surrogate,
in the case of *Underhill*, had no jurisdiction to compel a
restitution, he had none in this case.      Lang cannot be heard
to say that the fund was not paid to his co-executor in her
character as legatee contrary to his averments in his petition,
or to insist that any accountability which she may be under was,
as between him and her, based upon any other relation than
that of debtor and creditor.      We should be inclined to sustain
the decision of the General Term if we could consistently
with our former decision.      But as was said in that case, if it
is desirable that the surrogate should have a broader jurisdic-

tion, which would include a case like this, it must be conferred by the legislature.

The order of the General Term should be reversed and the decree of the surrogate affirmed, with costs to the appellant in all courts.

All concur, except HAIGHT, J., not sitting.

Ordered accordingly.