## In re ROBERTSON.

(Supreme Court, Appellate Division, Third Department.   May 2, 1900.)

1. JUDGMENTS—SURROGATE'S COURT—AMENDMENT.
   Under Code, § 2481, subd. 6, providing that the surrogate may open, modify, or set aside a decree, and that such power must be exercised only as a court of record exercises the same powers, where a surrogate found certain sums due legatees, but the decree gave no judgment for their payment by the executor, the decree was properly amended so as to give judgment therefor.

2. EXECUTORS—LEGACIES—PAYMENT—INSUFFICIENT ASSETS.
   Where an executor had exhausted the assets in payment of certain of the legacies, deeming the estate sufficient to pay all legacies, an unpaid legatee was not bound to wait for his share till the executor had recovered from the others the excess paid them, but was entitled to an order for immediate payment.

Appeal from surrogate's court, St. Lawrence county.

Judicial settlement of the accounts of Duncan M. Robertson, as executor of the estate of Leicester Burnett, deceased. From a decree of the surrogate's court settling the account of the executor, he appeals.   Affirmed.

Duncan M. Robertson, the appellant, is the sole executor of Leicester Burnett, who died in 1890, leaving a last will and testament, in which were given certain general legacies. By the inventory the estate was apparently sufficient to pay all the legacies. From time to time, upon the demand of certain legatees, the legacies were paid in full, except two legacies, one to Adelma M. Smith, and the other to Georgia A. Crane. Thereafter, and in 1896, the executor petitioned for a judicial settlement of his accounts. Upon the accounting the surrogate made and signed a decision containing findings of fact and of law. In that decision it was found that the estate was sufficient to pay only 65.66 per cent. of the amount of such legacies; that Adelma M. Smith was entitled to receive upon her legacy, upon February 13, 1891, the sum of $1,970.40; that certain payments had been made thereupon, so that at the time of the accounting there was still due to her on account of her legacy the sum of $1,356.42, with interest from October 1, 1898; that Georgia A. Crane was entitled to receive, February 13, 1898, the sum of $1,970.40; that certain payments had been made thereupon, so that at the time of the accounting there was still due to her, on account of her legacy, the sum of $1,385.13, with interest thereon from October 1, 1898; that the executor, believing the securities held by said estate to be good and sufficient to pay in full all the general legacies, in good faith paid to certain other legatees their legacies in full, and that the executor had paid out thereby all the moneys which he had received from said estate. The fourth finding of law is as follows: "That a decree be entered settling the accounts of the executor in accordance with the foregoing findings of fact, and for the payment to Adelma M. Smith and Georgia A. Crane of the sums stated to be due them, respectively, in the fourteenth and fifteenth findings of fact." In the decree the provisions of this fourth conclusion of law were omitted, and there was no provision inserted determining in any way the right of Adelma Smith and Georgia Crane to the payments of the amounts due to them from the executor. There was, however, this provision: "And it is further adjudged and decreed that this court has no power to decree a repayment to the executor of the various sums overpaid by him as set forth hereinabove, but that the said executor is hereby directed to collect the same from the persons who are entitled to pay the same, and to take such legal methods for the collection of the same as he shall be advised right and proper." Thereafter Adelma Smith and Georgia Crane, upon learning that the decree had omitted the provision for the payment of their legacies which was contained in the decision, moved for an amendment of that decree to provide for such payment. By reason of the disability of the surrogate who made the

64 N.Y.S.—25

first decree, the motion came on before an acting surrogate, who caused to be entered an order amending the decree so as to provide for the payment by the executor of the amounts due to these legatees. Of this order, and of the decree as thus amended, the executor here makes complaint.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Vasco P. Abbott, for appellant.
Kendall B. Castle, for respondents.

SMITH, J. At the threshold of the argument, the appellant challenges the right of the surrogate to thus amend his decree. By subdivision 6 of section 2481 of the Code of Civil Procedure, in specifying the incidental powers of the surrogate, it is provided:

"(6) To open, vacate, modify or set aside, or to enter as of a former time a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error or other sufficient cause. The powers conferred by the subdivision must be exercised only in like case and in the same manner as a court of record and of general jurisdiction exercises the same powers. Upon an appeal from the determination of the surrogate made upon application pursuant to this subdivision the general term of the supreme court has the same power as the surrogate and his determination must be reviewed as if an original application was made to that term."

In Re Henderson, 157 N. Y. 423, 52 N. E. 183 (at page 426, 157 N. Y., and page 183, 52 N. E.), Judge O'Brien, in writing for the court, says:

"The general powers of the surrogate's court are wholly statutory, but it certainly must possess some inherent power, and the correction of its own records, when affected by some mistake or clerical error, would seem to be about as mild an exercise of such power as can well be imagined. This power is recognized and regulated by various statutes, but it does not proceed from nor rest upon statutes, since it would exist without them. Hatch v. Bank, 78 N. Y. 487; Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842."

In Campbell v. Thatcher, 54 Barb. 382, it was held, although a surrogate, after the parties in interest had been represented at a hearing before him, and final sentence or decree has been given, has not general power to open or reverse his sentence or decree on the ground that he erred as to the law or decided erroneously upon the facts, he may open such decree for the purpose of correcting any mistake therein, the result of accident. In that case, by inadvertence, the surrogate's decree failed to credit the executor with an item of $500, and an order by the surrogate opening the decree and making the credit was held to be authorized. If the proceedings were in the supreme court, power to correct the judgment to conform to the decision made would not be disputed. While the practice in surrogates' courts differs somewhat, and the decree, rather than the decision, is the official utterance of the surrogate, nevertheless the decision filed becomes a part of the record, to show any omission from the decree by reason of mistake or inadvertence.

Upon the right of these legatees to immediate payment from this executor, there has been no adjudication. These legatees would have had no appeal from the decree as first entered, because their petition was not denied. Power must exist in the surrogate so to

modify the decree as to express the decision made and authenticated under his hand upon the record. Otherwise, these legatees, without a right of appeal or without a right of correction, would be remediless.

But this appeal is also from the decree as amended. The contention of the appellant is that, notwithstanding he has overpaid some of the legatees, inasmuch as the surrogate has found that this was done in good faith, he cannot be charged by the legatees, whose lawful proportion has not been paid until he has collected back the amount overpaid from the other legatees. This contention is without support, either in authority or reason. The executor had a right to refuse to pay any legatee more than his lawful proportion of the assets realized. Such was his duty. Any payment in excess thereof he made at his peril. He is properly charged with the money which he ought to have applicable to the payment of these legacies, and his own stupidity or good faith will not relieve him. The case of Trustees v. Quinn, 3 Redf. Sur. 514, is cited as holding a contrary doctrine. This was a case where certain legacies were required to be paid before other legacies. At the time of the payment of the prior legacies there was sufficient funds to pay in full. In the case at bar there is no question of a prior legacy. The legacies were all to be paid at the same time, and it was the duty of the executor to pay ratably. And this proposition is not without authority. In Re Underhill, 117 N. Y. 471, 22 N. E. 1120, Judge Peckham, in writing for the court, says:

"The claim that the executor makes of an alleged overpayment by him to a legatee is a matter, so far as a recovery thereof by the executor is concerned, between him and such legatee. * * * An overpayment made by the executor to any person entitled to a distributive share does not in any way diminish the amount of the estate which the law says is in the executor's hands for distribution. The law does not recognize any such overpayment, and does not, therefore, permit the executor to credit himself with the amount of the excess. In legal contemplation, the sum is in the hands of the executor, as assets of the estate, which he must pay over to the parties entitled thereto."

See, also, Lang v. Stringer's Estate, 144 N. Y. 275, 39 N. E. 363; In re Hodgman's Estate, 140 N. Y. 430, 35 N. E. 660.

We find no reason, therefore, for disturbing the order amending the surrogate's decree or the decree as amended. Order amending decree and decree as amended affirmed, with costs. All concur.