In re EARLE'S ESTATE.

(Surrogate's Court, New York County. October, 1900.)

TRANSFER TAX—APPRAISER'S REPORT—DETERMINATION OF AMOUNT—ORDER OF SURROGATE—MISTAKE—VACATION—CORRECTION OF REPORT.

Under Laws 1896, c. 908, § 229, known as the "Tax Law," and giving the surrogate's court authority to determine any question arising under the provision of such act, a surrogate who by mistake signs an order determining the amount of a transfer tax (the report of the appraiser stating the values as of a time six years after the testator's death, such values as of the time of such death not appearing) may vacate the order and send the report back to the appraisers for correction.

In the matter of the estate of William P. Earle. Motion to vacate an order determining the amount of transfer tax, and to remit the report of the appraiser to him for correction. Motion granted.

Hamilton Odell, for executors.
Ed. H. Fallows, for comptroller.
James W. Hyde, for appraiser.

THOMAS, S. Motion to vacate and set aside an order determining the amount of transfer tax, and to remit the report of the appraiser to him for correction. In the report of the appraiser, dated over six years after the death of the testator, it is stated that "the values of the transfers are" certain specified amounts. What these values were at the time of the death of the testator does not appear. The utter omission from the report and finding of the appraiser of the material fact which was the necessary foundation for any order determining the tax was not noticed by me when the order was submitted to me, and by my mere mistake and inadvertence the order was signed. My power to vacate the order and send the report back to the appraiser for correction is now challenged, and counsel for the comptroller argues that the only remedy for the ratification of this error is by an appeal. I do not so understand the law. By Laws 1896, c. 908, § 229,—being the tax law,—it is enacted that the surrogate's court "shall have jurisdiction to hear and determine all questions arising under the provisions of this article, and to do any act in relation thereto authorized by law to be done by a surrogate in other matters or proceedings coming within his jurisdiction." The correction of a manifest clerical error or an error of fact, not arising upon a trial, and which has never been made the subject of any judicial consideration whatever, is within the power of a surrogate, not only because of the express provisions of sections 2481 and 1290 of the Code of Civil Procedure, but also because such a power is a necessary incident to the just administration of judicial functions of every court. In re Henderson, 157 N. Y. 423, 52 N. E. 183; In re Robertson, 51 App. Div. 117, 64 N. Y. Supp. 385; Campbell v.

Thatcher, 54 Barb. 382; Dobke v. McClaren, 41 Barb. 491. The order was not merely a mistake. It was unauthorized and without any proper foundation, and must be set aside. Vreedenburgh v. Calf, 9 Paige, 128.

Motion granted. Settle order on notice.