In the Matter of the Appraisal under the Transfer Tax Law of the Estate of ELLEN W. DURYEA, Deceased.*

STATE TAX COMMISSION and JAMES C. WEBSTER and BARONIG BARON, as Executors, etc., of LISA W. SANDFORD, Deceased, Appellants; ROBERT H. HEIGHE, Respondent.

First Department, March 12, 1937.

* See 156 Misc. 144, on appeal order.

*James C. Webster*, for the appellants James C. Webster and Baronig Baron, as executors, etc.

*Seth T. Cole* of counsel [*Harry T. O'Brien, Jr.*, with him on the brief], for the appellant State Tax Commission.

*Clifton P. Williamson* of counsel [*Lasater Terrell* with him on the brief; *Alexander & Green*, attorneys], for the respondent.

DORE, J. The issues on this appeal present the construction and effect of the will and codicils of Ellen W. Duryea who died a resident of New York county on December 23, 1927, and upon such construction the determination as to who shall pay the transfer and estate taxes on the corpus of certain trusts created by Ellen W. Duryea and disposed of by powers of appointment given under the Duryea will to the decedent's sister, Lisa W. Sandford.

During her life and on June 2, 1923, Ellen W. Duryea had created an *inter vivos* trust under the terms of which the income was payable to her sister, Lisa W. Sandford, for life, the creator, however, reserving to herself the power to appoint by her will the person who would take the corpus of said trust.

Under the terms of the will of Ellen W. Duryea, dated February 16, 1927, she gave to her sister, Mrs. Sandford, as an outright gift the remainder of the *inter vivos* trust and an additional outright legacy of the sum of $200,000. The will in article ninth thereof provided as follows:

" *Ninth.* I direct that all transfer, inheritance and estate taxes be paid out of my residuary estate, and that all the foregoing gifts, legacies and devises shall be free from and without deduction of any such taxes thereon."

The decedent Duryea thereafter made two codicils dated respectively June 17, 1927, and December 14, 1927. She died December 23, 1927. The will and the two codicils were probated in the Surrogate's Court of New York county on December 30, 1927, and letters testamentary issued to the named executors on December 31, 1927.

By the second codicil testatrix revoked the outright gifts to her sister of (1) the remainder of the *inter vivos* trust and (2) the legacy of $200,000; and instead, under said codicil, (a) gave her said sister, Lisa W. Sandford, the power to appoint by her will the disposition of the corpus of the *inter vivos* trust, and (b) gave the sum of $200,000 to the Duryea executors and trustees in trust to pay the income to the sister for life and on her death gave her sister power of appointment by will over the corpus of the said testamentary trust. In effect, instead of outright gifts of these substantial sums, the decedent substituted powers of appointment given to her sister for the ultimate disposition of the corpus of both trust funds. The other relevant terms of the will, and in particular the provisions of article ninth thereof, were not changed or otherwise affected. The direction that all transfer and estate taxes be paid out of the residuary estate had been declared in the will and confirmed by the codicil inasmuch as the codicil made no change with regard to that clause and provided in the usual form that, except as modified and changed, the will was in all other respects ratified and confirmed. Accordingly, among the " gifts, legacies and devises " that were expressly stated in article ninth to be free from " any such taxes " was the gift of the remainder of the two trusts through the exercise of the powers of appointment created in the second codicil.

Lisa W. Sandford, decedent's sister, died a resident of New York county on February 7, 1934, and by her will exercised both said

powers of appointment giving the principal of the two trust funds — one-half thereof to her natural daughter, Lisa W. Heighe, and the remaining half to her adopted son, Baronig Baron. She excluded her own son, Robert H. Heighe, nephew of Ellen W. Duryea, residuary legatee under the Duryea will.

An order assessing the estate tax has been entered and all estate and transfer taxes on all the interests of the Duryea estate which vested in possession on the death of Ellen W. Duryea have been paid out of decedent's residuary estate pursuant to article ninth of her will. As the corpus of the two trust funds did not vest in possession until the powers of appointment were exercised on Mrs. Sandford's death in 1934, the said taxing order tentatively fixed the estate tax upon the remainders of the two said trusts. To secure payment of the estate tax upon such interests so tentatively fixed, the executors deposited some $32,000 in securities with the State Tax Commission in Albany pursuant to section 241 of the Tax Law; and on or about August 19, 1929, upon the distribution of the Duryea estate, the executors thereof assigned all their right, title and interest in said deposit to Robert H. Heighe, the residuary legatee.

The testatrix, Ellen W. Duryea, had the right to direct how and from what fund should be paid all transfer, estate or succession taxes on gifts or devises given by her will. (*Matter of Gilion,* 169 N. Y. 443; *Isham* v. *N. Y. Assn. for Poor,* 177 id. 218.) The rule enunciated in these authorities is now incorporated in Decedent Estate Law, section 124.* The direction of the testatrix in article ninth of her will that all transfer, inheritance and estate taxes be paid out of her residuary estate and that " all the foregoing gifts, legacies and devises shall be free " from " any such taxes " is comprehensive and admits by its terms of but one interpretation, namely, that all the persons who take gifts, whether immediately and directly or by the exercise of powers of appointment under the will, should receive the gifts without any deduction for any such taxes.

The gift or devise of the remainder of these two trusts was made by the owner, Ellen W. Duryea, through the instrumentality of the donee of the powers who acted as a mere agent of the donor to effect the transfer. It is the donor, not the donee, of a special power of appointment who owns the corpus of the trust and title relates to and is acquired under the instrument creating the power, not the instrument executing it. The appointee to the power or the ultimate beneficiary takes and receives the benefit and interest from the donor and not the donee. (4 Kent's Com. 338; *Matter*

---

* Added by Laws of 1930, chap. 709.— [REP.

*of Stewart*, 131 N. Y. 274; *Matter of Harbeck*, 161 id. 211; *Farmers' Loan & Trust Co.* v. *Mortimer*, 219 id. 290.)

Subdivision 4 of section 220 of the Tax Law (as amd. by Laws of 1926, chap. 357), so far as relevant herein, provides in effect that whenever any person exercises a power of appointment the appointment shall be deemed a taxable transfer " in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power." Because of the rule expressed in this statute and because as a result thereof article 10-C of the Tax Law, which was not in effect on the death of Ellen W. Duryea, would apply the surrogate held in spite of the terms of article ninth of the will that the language could not be held applicable to a tax burden unpredictable when the testatrix died and accordingly ruled that any tax which would be imposed on the execution of the power by Lisa W. Sandford with regard to these two trust funds would not be payable by the residuary legatee of the Duryea estate. This was error. That by the provisions of subdivision 4 of section 220 of the Tax Law, and solely for the purpose of assessing estate taxes, the appointed property is " deemed " to be a taxable transfer in the same manner " as though " the property absolutely belonged to the donee, does not alter or change the character of the ownership or the devolution of the property from the will of the grantor of the power for the purpose of determining who shall ultimately pay the taxes. (*Matter of Wendel*, 223 N. Y. 433, 442; *Matter of Dows*, 167 id. 227.) Under section 220, subdivision 4, however, for the purpose of computing the tax, determining the rates, exemptions, the law applicable to the transfers and the taxation thereof, etc., the appointed property is deemed to be property that belonged absolutely to the donee and is so taxed.

The fact that by codicil decedent substituted a gift of income for life from these trusts, with power of appointment over the corpus, in lieu of the outright gifts under the will, does not restrict the application of article ninth of decedent's will nor free decedent's residuary legatee from the expressed obligation to pay estate or transfer taxes on the appointed property.

The language of article ninth clearly shows an intent to burden the residuary estate with the payment of all estate or transfer taxes and to permit appointees of the powers to receive the benefits of decedent's gifts without deduction of any estate taxes, present or future, since decedent must have contemplated that the donee of the powers would not exercise said powers until some time after decedent's death and that when exercised, being a privilege and

not a natural right, their exercise would be subject to such estate taxes as any future legislation would impose (*Matter of Dows*, 167 N. Y. 227).

We accordingly hold that the estate or transfer taxes when finally computed and assessed upon the transfer of the corpus of the two trusts over which Lisa W. Sandford had powers of appointment (See decision in companion appeal [*Matter of Sandford*, 250 App. Div. 310], decided herewith), shall be paid by Robert H. Heighe, residuary legatee of Ellen W. Duryea, and that the order of June 27, 1935, now appealed from, be modified accordingly, without costs.

MARTIN, P. J., McAVOY, O'MALLEY and COHN, JJ., concur.

Order unanimously modified as indicated in opinion, and as so modified affirmed, without costs. Settle order on notice.