In the Matter of the Appraisal under the Estate Tax Law of the Estate of LISA W. SANDFORD, Deceased.*

JAMES C. WEBSTER and BARONIG BARON, as Executors, etc., of LISA W. SANDFORD, Deceased, Appellants, Respondents; STATE TAX COMMISSION, Respondent, Appellant.

First Department, March 12, 1937.

* See 160 Misc. 898, on *pro forma* order.

*James C. Webster*, for James C. Webster and Baronig Baron, as executors, etc.

*Seth T. Cole* of counsel [*Harry T. O'Brien, Jr.*, with him on the brief], for the State Tax Commission.

DORE, J. In the companion appeal (*Matter of Duryea*, 250 App. Div. 305), decided herewith, and for the reasons stated in the opinion therein, to which reference is made, we have decided that any and all estate taxes assessed and payable on the value of the principal of two certain separate trusts over which this decedent, Lisa W. Sandford, held and exercised powers of appointment, are payable by Robert H. Heighe, the residuary legatee of the Duryea estate.

In that estate the surrogate held that the residuary legatee thereof was not liable for such taxes. (*Matter of Duryea*, 156 Misc. 144.) In this estate he has held that the one-half of the two said trust funds which passed by exercise of the power to this decedent's daughter, Lisa W. Heighe, was not a taxable transfer in this estate on the ground that it will be presumed that the said appointee elected to take under the will of the donor, Ellen W. Duryea, which by its terms relieves the appointee of payment of any tax, rather than under the appointment in this estate which burdens her with such tax. The remaining one-half of the said combined trust funds which passed by the exercise of the powers to this decedent's adopted son, Baronig Baron, the surrogate held to be taxable in this estate and assessed against the appointee, Baronig Baron. For the reasons indicated in the opinion in the Duryea estate, this latter ruling we hold to be error.

Cross-appeals were taken by the executors of Lisa W. Sandford and by the State Tax Commission on these and other rulings of the surrogate, but we deem it necessary to discuss or mention only

the issues raised as to the estate taxes on (1) the two trust funds subject to the power of appointment, (2) the trust created by this decedent on July 12, 1932, and (3) the total deductions allowable by statute, because, except as modified by this opinion, the surrogate's rulings are otherwise in all respects affirmed.

We hold that for the purpose of *computing* the estate tax the following items should be included as part of the " gross taxable estate " of this decedent, Lisa W. · Sandford: (a) the sum of $173,511.09 representing the value of securities in the *inter vivos* trust created by Ellen W. Duryea on June 2, 1923, over which Lisa W. Sandford exercised power of appointment given her under the will and codicils of said Ellen W. Duryea; (b) the sum of $180,604.24 representing the value of securities in the testamentary trust created under the will of Ellen W. Duryea over which Lisa W. Sandford exercised the power of appointment also pursuant to powers given under the said Duryea will; and (c) the sum of $32,717.70, the value of securities in the trust created by Lisa W. Sandford, decedent, on July 12, 1932.

The total deductions allowed by statute must remain at the sum of $49,097.39 as fixed in the *pro forma* order assessing the tax, dated August 5, 1935. The surrogate was without jurisdiction to increase these deductions since no proper ground of objection was made by the objecting executors as required by section 249-x of the Tax Law which provides that a notice of appeal " shall state the grounds on which the appeal is taken." (*Matter of Rockefeller*, 177 App. Div. 786.)

In ruling that the one-half interest in the two trusts which Lisa W. Heighe would receive by reason of the acceptance by her of benefit due to the exercise of the power is the same thing which she would have received had this decedent not exercised the powers and the sum which she would receive if she elected to reject the appointment, the surrogate was in error. An election by said Lisa W. Heighe to take under the will of Ellen W. Duryea, donor of the power and not as appointee under the execution of the power, cannot be presumed as Lisa W. Heighe would thereby receive a lesser benefit. Mrs. Sandford exercised the powers of appointment and effectively appointed one-half of the corpus of these trusts to her adopted son, Baronig Baron, and the remaining one-half thereof to her daughter, Lisa W. Heighe. An election by Lisa W. Heighe to take under the will of Ellen W. Duryea, donor of the powers, would not render ineffective the valid appointment to Baronig Baron, which would accordingly stand as to one-half of the said trusts.

In respect to the remaining one-half of these two trusts Lisa W. Heighe would be entitled, under the will of Ellen W. Duryea, not to the whole of the remaining one-half of the corpus thereof but only to one-quarter. That this is so is obvious for the will of Ellen W. Duryea provided that upon failure of donee to exercise the power the corpus of the *inter vivos* trust passed to the " children " of Mrs. Sandford (donee of the power) and the corpus of the testamentary trust passed to the " heirs at law " of Mrs. Sandford. Mrs. Sandford left surviving, one son, Robert W. Heighe, and one daughter, Lisa W. Heighe, and an adopted son, Baronig Baron. Robert and Lisa, Mrs. Sandford's natural children, in case of an election would share equally under the Duryea will and since one-half of the trusts had been effectively appointed to Baronig Baron each of said children would receive not one-half but one-quarter of the corpus of said trusts. It cannot, therefore, be presumed that Lisa W. Heighe would elect to take under the Duryea will.

As indicated in the opinion in the Duryea estate, for all purposes of computing the estate taxes on these trust funds passing by power of appointment (*i. e.,* the rate and amount of tax, the exemptions, the tax law applicable, etc., etc.) the property is to be treated as though it passed under this decedent's will, the donee of the power. (Tax Law, § 220, subd. 4; *Matter of Taylor,* 209 App. Div. 299, 1st Dept.; affd., without opinion, 239 N. Y. 582.) Hence the estate taxes must be computed herein in accordance with the rates prescribed in section 249-n of the Tax Law upon the net taxable estate less the exemptions allowable under section 249-q of the said Tax Law. As decided, however, in the companion appeal, the said estate taxes when so computed and assessed upon the value of the principal of the two trusts passing by power of appointment shall be paid from the residuary estate of Ellen W. Duryea. The estate taxes on the trust created by this decedent in 1932 shall be chargeable to and paid by Baronig Baron.

Accordingly, the residuary estate of Ellen W. Duryea must pay such proportion of the estate taxes, fixed and assessed in this estate of Lisa W. Sandford, as the amount of the value at the date of this decedent's death of the principal of the two trusts transferred by execution of the two powers, namely, the sum of $354,115.33 bears to the total gross taxable estate herein.

The order appealed from should accordingly be modified as hereinabove indicated and except as so modified in all other respects affirmed, without costs.

MARTIN, P. J., McAVOY, O'MALLEY and COHN, JJ., concur.

Order unanimously modified as indicated in opinion, and as so modified affirmed, without costs. Settle order on notice.