In the Matter of the Estate of ANNA CHAMPION JOHNSON, Deceased.

Surrogate's Court, Oneida County, April 5, 1938.

*Michael J. Larkin,* for the executors.

*Stephen W. Brennan,* for the State Tax Commission.

RINGROSE, S. The executors appeal from the *pro forma* order of this court, entered on June 30, 1937, fixing the tax upon the report of the appraiser. The appeal was submitted on the record for decision.

Included by the appraiser among the taxable assets of this estate was the corpus of the trust, under an agreement made by the testatrix as grantor and the Farmers National Bank and Trust

Company of Rome as trustees, whereby the income was reserved to the grantor for life after payment of all proper charges incident to the execution of the trust, with the remainder over to Samuel C. Johnson, son of the grantor.

The corpus of the trust was valued by the appraiser at $115,334.52, as of the date of decedent's death. This valuation as fixed by the appraiser is not disputed, the sole question raised by this appeal being the right to assess a tax on the corpus of this trust, under section 249-r of the Tax Law of this State.

Pertinent to a determination of the issue here presented are the provisions of paragraph three of the trust agreement, as follows:

" *Third.* (a) First party may at any time and from time to time add to the principal of this trust fund by subsequent payments of cash or deliveries of securities to be held upon the trust herein declared.

" (b) First party may at any time and from time to time by and with and upon the written consent of the said Samuel C. Johnson withdraw from this trust fund any of the principal thereof.

" (c) This trust may be revoked in whole or in part as to the principal or as to income, and may be altered or amended at any time during the lifetime of first party by an instrument in writing duly executed by first party and her son, Samuel C. Johnson, and delivered to second party as trustee, its successor and successors, as the case may be, and not otherwise, provided, however, that no change or alteration of the powers conferred upon the trustee herein shall be made without the written consent of second party thereto."

The appraiser included the trust corpus as a taxable transfer by virtue of subdivision 3 of section 249-r of the Tax Law. As originally enacted, this provision of the Tax Law encountered the same difficulty as did the analogous section of the Federal statute by the decisions of the Supreme Court in *McCormick* v. *Burnet* (283 U. S. 784; 51 S. Ct. 343) and *Morsman* v. *Burnet* (283 U. S. 783; 51 S. Ct. 343), wherein it was held that where the grantor of a trust reserved to himself the income for life or the right to designate the recipient thereof, the value of the corpus at the date of the grantor's death should not be included in computing the Federal estate tax, such transfer not being in "contemplation of or intended to take effect in possession or enjoyment at or after his death," within the meaning of the Federal estate tax laws. To correct this defect, section 302 of the United States Revenue Act was amended in 1926 (U. S. Code, tit. 26, § 411) and the Tax Law of this State was amended by Laws of 1931, chapter 62, in effect March 10, 1931.

In the preparation of the trust agreement, counsel obviously had in mind the decisions in *McCormick* v. *Burnet* and *Morsman* v. *Burnet* (*supra*), which followed the precedent established by the decision in *May* v. *Heiner* (281 U. S. 238.)

The precise question involved in this appeal has been recently passed upon by the United States Supreme Court in *Helvering* v. *Bullard* (58 Sup. Ct. 565), wherein it was held in substance that the right to include in the gross estate subject to taxation property which the decedent has transferred by a trust agreement by the terms of which the power to revoke, alter or amend is reserved by the grantor, either alone or in conjunction with another, is a valid exercise of the authority vested in Congress to tax the same as a testamentary transfer, and that since Congress may levy an excise on gifts, it is of no significance that the exaction is denominated an estate tax, or is found in a statute purporting to levy an estate tax.

Since the death of the testatrix occurred on January 8, 1937, and the trust agreement was executed on the 19th day of January, 1932, both of which events were subsequent to the amendment of the Tax Law of this State, previously referred to, the question of the constitutionality of the statute or its retroactive effect is not at issue. (*Matter of Sandford*, 160 Misc. 898; modfd. on other grounds, 250 App. Div. 310; affd., 277 N. Y. 323.)

The order appealed from is, therefore, affirmed and the appeal denied.

Decreed accordingly.