In the Matter of the Estate of KATHARINE L. BROWN, Deceased.

Surrogate's Court, New York County, August 12, 1939.

*Ehlermann & Crawford* [*Thomas J. Crawford* and *John E. Cone, Jr.,* of counsel], for the executor.

*Jerome M. Hirsch* [*Thomas P. McLaughlin* of counsel], for the State Tax Commission.

DELEHANTY, S. The executor of deceased asks for an order modifying a *pro forma* order of this court dated August 8, 1937. He seeks to exclude from the taxable estate the value of certain property which had been irrevocably transferred by deceased in trust long antecedent her death. The effect of the exclusion of course would be to reduce the tax materially.

The State Tax Commission takes the position that the action of the appraiser in including this fund as taxable was a judicial act and that in consequence the failure of the executor to appeal from the *pro forma* order within the time limited for an appeal bars any remedy. The State Tax Commission asserts that the remedy available under section 249-aa of the Tax Law is a limitation upon the general power of the surrogate granted by subdivision 6 of section 20 of the Surrogate's Court Act and that there is here shown no basis for exercise of jurisdiction to modify the order since there is here no " fraud, newly discovered evidence, clerical error, or other sufficient cause."

It is possible to find in the reported cases instances where the courts appear to have made decisions both ways on this matter. As a general principle the court is obliged to construe taxing statutes most favorably to the taxpayer and the question here presented is whether or not section 249-aa of the Tax Law should be given the limited operation for which the State Tax Commission contends. This section is in substance a re-enactment of section 225 of the Transfer Tax Law. In consequence the decisions under that former statute are pertinent. Construing section 225 of the former law, the court in *Matter of Willets* (119 App. Div. 119; affd., 190 N. Y. 527) had before it the question whether or not the *pro forma* order could be modified by excluding from the taxed property a certain interest in real estate which in fact was not the property of the testator though it was assumed so to be in the tax proceeding. The court there said (p. 123): " The ownership of property is a fact and a mistake in that respect is one of fact." This comment was made in answer to the contention of the then State Comptroller that the surrogate was without power to make the modification sought since the error was one of law which could be corrected only by an appeal. Thus the determination in that case is precisely in point on the present application because here the error was in assuming that deceased owned certain property which in fact she did not.

In *Matter of Scrimgeour* (80 App. Div. 388; affd., 175 N. Y. 507) it was held that the then Tax Law was broad enough to confer jurisdiction on the surrogate to vacate an order imposing a tax under a statute held unconstitutional.

In *Matter of Coogan* (27 Misc. 563; affd., *sub nom. People ex rel. Coogan* v. *Morgan*, 45 App. Div. 628; affd., 162 N. Y. 613) it was held that the surrogate had power to modify an order which had *pro forma* assessed a tax on a body of property which included government bonds not subject to tax. It was held that such inclusion was an error of fact and that the tax was " not merely an erroneous one, but illegal for want of any jurisdiction to impose it."

Concededly the property here sought to be excluded was never within the authority of the State or of the court to tax. (*Matter of Sandford*, 160 Misc. 898; modfd. on another point and affd., 250 App. Div. 310; affd., 277 N. Y. 323.)

The State Tax Commission relies particularly upon the authority of *People ex rel. International Salt Co.* v. *Graves* (267 N. Y. 149) and *People ex rel. Bankers Trust Co.* v. *Graves* (270 id. 316). These cases are distinguishable because in each of them the property taxed was specifically covered by the statute which was under consideration. The statute was held to be unconstitutional in its

application to the property when the problem was decided by the Supreme Court of the United States. There can be no doubt in such circumstances that the determination by the appraiser to impose a tax on the property was an error of law and that in view of the precise text of the statutes involved the only remedy was by appeal. These cases do not touch the force of the authorities already cited which say that section 249-aa of the present Tax Law and its predecessor section 225 of the Transfer Tax Law grant a power of modification where the fact is that property is assumed to be taxed which is not owned at all by deceased and which for that reason is not within the taxing power of the State as the law existed when deceased died.

There is no moral right on the part of the State to have a tax on property not taxable. There is no justification for the court adopting a strict rule against a taxpayer. The settled law is to the contrary. The enactment of section 249-aa in text similar to the former section 225 of the Transfer Tax Law is an adoption by the Legislature of the construction given to section 225 by the cases here cited. Under such concept of the law this court has power to make the modification requested. It should be made if the court has power to make it. Assuming that it has the power the court grants the application.

Submit, on notice, order accordingly.