In the Matter of the Estate of MARY E. SNIFFIN, Deceased.

Surrogate' Court, Westchester County, October 8, 1941.

*Strang & Taylor*, for the executors.

*Jerome M. Hirsch* [*Thomas P. McLaughlin* of counsel], for the State Tax Commission.

MILLARD, S. This is an application by the executors under the will of the decedent for an order " vacating or amending " the *pro forma* order of this court dated and filed herein August 21, 1939, which fixed and determined the estate tax payable herein, pursuant to article 10-C of the New York State Tax Law. The instant motion was made on June 19, 1941. The executors claim that the appraiser's report and the *pro forma* order based thereon, improperly failed to allow an exemption of $5,000 to which the estate was entitled, one of the beneficiaries being an adopted daughter of decedent. Further request is made for a reduction of the interest rate on the balance of the tax due from ten per cent to six per cent. The facts are not in dispute.

During the month of January, 1939, the executors instituted tax proceedings by filing their petition requesting the appointment of an appraiser. Thereafter the court designated James J. Fleming, Esq., as such appraiser, and the executors filed with him the usual schedules. In Schedule " L" thereof, under the heading " Beneficiaries," there is set forth " Mary Sniffin Donnelly, adopted daughter, 511 Forest Ave., Rye, N. Y." The said schedule fails to include the extent of the interest of said beneficiary. While it is not disputed that this beneficiary is an adopted daughter of decedent, the report of the appraiser filed herein on August 18, 1939, failed to list the said Mary Sniffin Donnelly as a beneficiary and, therefore, allowed no exemption. Accordingly, the *pro forma* order of this court, dated and filed herein on August 21, 1939, based upon said report of the appraiser, contains no deduction for such exemption.

The State Tax Commission contends that the failure to allow a deduction of $5,000 for the adopted daughter of decedent was a mistake of law, which could have been remedied only by appeal within the statutory period, and the time therefor having expired, that this court is now without jurisdiction to grant the relief requested. If the mistake was one of law, the contention of the State Tax Commission must be sustained. (Surr. Ct. Act, § 20, subd. 6; *People ex rel. International Salt Co., Inc.,* v. *Graves,* 267 N. Y. 149; *People ex rel. Bankers Trust Co.* v. *Graves,* 270 id. 316, 320.)

The error herein, however, does not appear to be one of law. Paragraph " Fifth " of the appraiser's report, relating to the exemptions allowable, contains no reference whatsoever to the adopted daughter. In paragraph " Fifth " of said report, the spaces under the headings " Beneficiaries " and " Relationship " are left blank. There is nothing either in said paragraph or elsewhere in the report of the appraiser to indicate that there did or did not exist any beneficiaries by reason of whom an exemption was allowable.

The appraiser apparently failed to identify the beneficiary named in the will as " my adopted daughter, Mary Hardy Sniffin " and in a codicil as " Mary H. Sniffin " as the same person named in the transfer tax schedules as " Mary Sniffin Donnelly," and described therein as an adopted daughter. The failure of the executors to more completely identify this beneficiary or to set forth the required information as to the extent of her interest, may explain her being omitted as a beneficiary in the appraiser's report. The failure to allow the exemption is, in my opinion, the result of a clerical error. The appraiser's report inadvertently fails to include an undisputed material fact, namely, the existence of an adopted daughter of the decedent as a beneficiary.

It has been held that the Surrogate's Court has power to correct a mere clerical error. (*Matter of Robertson*, 51 App. Div. 117; affd., 165 N. Y. 675; *Matter of Henderson*, 157 id. 423.)

It has likewise been held that the modification of such an order is authorized if based upon a mistake of fact. (*Matter of Willets*, 119 App. Div. 119; affd., 190 N. Y. 527; *Matter of Coogan*, 27 Misc. 563; affd., 45 App. Div. 628; affd., 162 N. Y. 613; *Matter of Brown*, 172 Misc. 413.)

Accordingly, the application to modify the *pro forma* order of this court, dated August 21, 1939, is granted, and such order is modified so as to reduce by $5,000 the net estate subject to tax, and the tax is directed to be fixed on the net amount as so reduced.

The motion to reduce the interest rate from ten per cent to six per cent on the balance of the tax due, is also granted.

Settle order.