In the Matter of the Application of the Estate of AMY J. EVANS,
Deceased.

Surrogate's Court, Chenango County. November 5, 1941.

*Henry M. Wolfson,* for the executor.

*William J. Gordon,* for Janet W. Hill, petitioner.

BARNES, S. This is an application to vacate and annul the proceedings of the Surrogate's Court had in this matter during the month of August, 1941, before the acting surrogate.

In 1914, the Hon. JAMES P. HILL, then surrogate of this county, made an order appointing the times and places for holding the Surrogate's Court as follows:

" Three terms thereof shall be held each year at the court house in the City of Norwich, New York, for trials by jury, commencing on the following days: The first Monday in March; the first Monday of June; and the first Monday of December.

" A term will be held at the Surrogate's office in the City of Norwich, New York, each Monday except during the month of July for trials without a jury, and for transaction of any business which may come before it.

" Said Surrogate's Court is also pursuant to Section 2504 of the Code of Civil Procedure always open for the transaction of any business within its powers and jurisdiction.'.'

This order is recorded in the county clerk's office of Chenango county in book 5 of County Court Orders at page 430. The order has been made each succeeding year in the same form, except that section 34 of the Surrogate's Court Act has been substituted for section 2504 of the Code of Civil Procedure, and the times for the court terms have been changed and the month of August substituted for the month of July and, as so changed, the same order was made by the present surrogate for the year 1941.

The object, of course, has been for the setting aside of the month of July or August, as the case may have been, for the summer vacation period of the court and attorneys. The rule has been enforced by instructions to the surrogate's clerk not to issue citations returnable during the month of August. The petitioner in this case circumvented this enforcement by obtaining from the special county judge, as acting surrogate, an order to show cause returnable during the month of August, and obtaining service of such order. The surrogate was on vacation and the attorney for the executor was on vacation. An attempt was made by the executor to have the matter adjourned until a later date, and this was refused by the acting surrogate. Upon the return date, the executor appeared in person, asked for an adjournment and asked for a jury trial, all of which was refused, and a hearing was then had and a decree made thereon. It is also true that the petition in the proceeding was not verified.

The executor was entitled to a jury trial. (*Matter of Matheson*, 265 N. Y. 81; *Matter of McKevett*, 253 App. Div. 919; *Matter of Anderson*, 136 Misc. 110.)

This proceeding is in the nature of a separate and distinct action and is considered practically the same as an action brought in any court of record. (*Matter of Rosenberg*, 157 Misc. 490; *Matter of Dix*, 144 id. 494.)

The more serious contention in this matter is the effect of the order appointing the terms of the court. Section 34 of the Surrogate's Court Act gives to the surrogate the right to " from time to time, appoint, and may alter, the times and places of holding said court for the transaction of any business which may come before it." Under that section, the surrogate made an order eliminating any terms of court with or without a jury during the month of August, 1941. This order was entered in the clerk's office, thereby giving constructive notice to any interested parties. The substance of the order is printed on court calendars and in legal diaries throughout the State. Litigants and their attorneys have at least constructive notice and may plan their vacations and other business affairs accordingly. If the order appointing the terms has no legal effect, it should be rescinded so that litigants and their attorneys will not be misled by it. If it is the legal exercise of the authority given the surrogate under section 34 of the Surrogate's Court Act, it should be enforced so that litigants and their attorneys will be protected under it. The order is similar to the orders or rules of practically every Surrogate's Court in the State. It has been in force under three prior incumbents of this office and has never been questioned previously. I hold that it is a valid exercise of the provision contained in section 34 of the Surrogate's Court Act.

Upon that finding, there was no term of court at which a trial of this matter could be held and the court was without jurisdiction to hold such a trial. It has been held that an order made without jurisdiction should be set aside under section 40 of the Surrogate's Court Act. (*Matter of Jagnow*, 148 Misc. 657.) As there was no term of court for the trial of such a proceeding, the special county judge acquired no jurisdiction because of the surrogate's absence, and the decree made therein is a nullity and should be vacated and rescinded.

It is urged that the executor, by appearing in person and taking part in the trial, has remedied the defect. The executor is a chemist by profession. He was no more qualified to be forced into the trial of a lawsuit than an attorney would be qualified to mix up a batch of gunpowder. If the practice of law is a profession a chemist cannot be inducted into its mysteries on a moment's notice. He may not have used the best legal words, but he never willingly consented to such a trial.

Submit order accordingly.