In the Matter of the Estate of AMY J. EVANS, Deceased.

Surrogate's Court, Chenango County, February 14, 1942.

*Henry W. Wolfson*, for Durward R. Evans, as executor, etc.

*William J. Gordon*, for Janet W. Hill.

BARNES, S. This is a motion to resettle a resettled order. It comes about in the following manner. This court recently held that the order of the surrogate fixing the terms of court, so that there was no term of court during the month of August, was a reasonable exercise of the surrogate's rights, and that a term held by the acting surrogate in violation of that order was without authority (177 Misc. 381). At that time no certificate of the surrogate's absence had been filed. While this has been held to be a prerequisite to any authority of the special county judge to act (*Matter of Tyler*, 60 Hun, 566), the surrogate had personal knowledge that he was absent from the county, and that he could have returned had there been any legal term of court in session.

Later, the applicant obtained a certificate of absence from the surrogate and made a motion to resettle the order to include such certificate in the order. While this was undoubtedly wrong, under rule 70 of the Rules of Civil Practice, in fairness to the applicant, the order was granted. Later the executor obtained a certificate from the surrogate stating that he could have been present had there been any term of court, and the executor now asks to resettle

that order to recite this certificate. If this is granted, the applicant may wish to resettle this order at some later date, and the process goes on continuously.

I think the practice has been that such certificates could be handed up to the appellate court on appeal, if the appellate court permitted it.

The effect of this certificate would be argumentative only. The applicant, undoubtedly, argues that the special county judge had a right to alter the rules, while the executor will argue that this was not done, and that any alteration must be reasonable and public. With any other construction the surrogate might be trying a lawsuit with a jury and step over the county line for lunch, and upon his return find that the court has been adjourned by a special order of the special county judge. Such illustrations could be multiplied indefinitely to show the unreasonableness of such an argument. The show cause order granted herein remained in the possession of the attorney for the applicant until the hearing was called. If such a show cause order constituted a change of the rules, the surrogate would not have information as to what the rules of his own court were, without inquiring if any one has any changes in his pockets.

The motion is denied.