however, in verifying the two documents at the same time, she advisedly verified one upon knowledge and the other upon information and belief, we have an additional reason for strictly applying the wholesome rule of the cases cited, namely, that the mere averment of facts as upon personal knowledge is not sufficient unless the circumstances are such that it can fairly be inferred that the affiant had personal knowledge of the facts so positively stated. No circumstances are disclosed in the affidavit or papers here from which such an inference can be drawn.

The only other point presented by the respondent is that the defect in the affidavit to which we have referred was not specified in the appellant's notice of motion. There is no merit in this objection. The defect was not an irregularity, but matter of substance. It went to the sufficiency of the affidavit, and related to the merits. Rule 37 of the general rules of practice was, therefore, inapplicable. Andrews v. Schofield, 27 App. Div. 93, 50 N. Y. Supp. 132.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

### SMITH v. PIERCE.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

1. PARTIES—PRINCIPAL AND AGENT—CONTRACTS—SEAL.

An undisclosed principal cannot sue on a sealed contract, executed by the agent as such, though the seal is not essential to its validity.

2. SAME—MECHANICS' LIENS.

One furnishing material to a contractor loses his right to a mechanic's lien, where a receivership of the contractor is perfected before he files his notice of lien.

Appeal from judgment on report of referee.

Action by George A. Smith, as receiver of the property of Elvin W. Kirtland, against John B. Pierce. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is the report of EUGENE CLINTON, Referee:

This action was begun February 28, 1898, to recover the amount due Elvin W. Kirtland from William A. Collar on contract. February 9, 1898, the plaintiff was appointed receiver of the property of Elvin W. Kirtland, in proceedings supplementary to execution instituted on a judgment of this court against said Kirtland, debtor, in favor of the Supplee Hardware Company. After qualifying, the plaintiff filed a certified copy of the order appointing him receiver in the office of the clerk of Chenango county, February 10, 1898.

November 17, 1897, Elvin W. Kirtland entered into a written agreement under seal with William A. Collar to furnish material and erect a building on the lands of Collar, in the village of Afton, N. Y., for the sum of $1,062.80. The following is a copy of the contract:

"Contract made this 2 day of November between W. A. Collar, of the village of Afton, N. Y., of the first part, and E. W. Kirtland, Agt., of same place, of second part. The party of the first part agrees to let unto the party of second part the job of erecting and furnishing, according to specifications furnished, his building to be situated on Main St., Afton, N. Y., to be known as the 'Collar Block,' for which he is to pay the sum of $1,062 80/100. Payments to be made as work progresses. The party of second part does agree to furnish material and erect & complete said building, in consideration of

said sum, according to the specifications furnished; to be done in a substantial & workmanlike manner.

"Whereupon we set our hand & seal this 17 day of November, 1897.

"[L. S.]                                    · W. A. Collar.
"[L. S.]                                      E. W. Kirtland, Agent."

On the 14th day of February, 1898, the defendant filed notice of a mechanic's lien on the building and premises against Elvin W. Kirtland, contractor, and William A. Collar, owner, for $396.47, with interest thereon from the date thereof, for material furnished by him to Kirtland. The plaintiff, after demanding of Collar and Kirtland the amount due on the contract, and after having obtained leave from the court so to do, brought this action against said Collar for such balance. Collar conceded that $332.80 was due, and by order of the court the present defendant, John B. Pierce, was substituted as defendant in the place of Collar, and the money was paid into court. Pierce answered, and alleged his mechanic's lien, and also averred that Georgia A. Kirtland was principal under said contract, and the real party in interest, and that Elvin W. Kirtland was simply agent, and had no actual interest therein. On the trial the defendant was permitted to give oral testimony by which it appeared that at the time the contract was made, and at the time of the erection of the building, Elvin W. Kirtland was the agent of his wife. It also appeared by oral evidence on the part of the defendant that she authorized her husband to enter into the contract, that she saw the written instrument shortly after its execution, and that she furnished some of the material for the building.

It was urged by the defendant that as the seal was unnecessary to the validity of the instrument, and as it was indicated upon the face of the writing that E. W. Kirtland was simply acting as agent, therefore it was competent to show by parol that Georgia A. Kirtland was the principal and real party in interest; that by reason thereof the plaintiff, as receiver of the property of E. W. Kirtland, had no right or interest in the balance due on the contract. The plaintiff insisted that parol evidence was incompetent to contradict or substantially vary the legal import of the written instrument; that as the contract was under seal, and was made by E. W. Kirtland, and did not disclose any principal, the amount due thereon belonged exclusively to him.

Under the decisions in this state, Georgia A. Kirtland could neither sue nor be sued successfully under this contract, as she is not a party to it. This being so, I cannot see how her rights, or a claim of right of property in her, can be invoked by this defendant to defeat this action. The rule seems to be well established that an action upon a sealed instrument of this description must be brought by and in the name of a person who is a party to it. Schaefer v. Henkel, 75 N. Y. 378; Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550; Kiersted v. Railroad Co., 69 N. Y. 343; Briggs v. Partridge, 64 N. Y. 357; Denike v. De Graaf, 87 Hun, 61, 33 N. Y. Supp. 1015, affirmed without opinion in 152 N. Y. 650, 47 N. E. 1106; Benham v. Emery, 46 Hun, 156; Melcher v. Kreiser, 28 App. Div. 362, 51 N. Y. Supp. 249. In the case of Schaefer v. Henkel, supra, the plaintiffs sought to recover for rent due under a lease executed by "J. Romaine Brown, Agent." It will be noticed that Brown was described "agent" in the body of the lease, and he also signed it "J. Romaine Brown, Agent." The lease was under seal, but a seal was unnecessary to its validity. The plaintiffs did not sign it, and their names did not appear in it; and there was nothing in the instrument to show that they had anything to do with it, or that it was executed in their behalf. The plaintiffs sought to recover upon the ground that Brown merely acted as their agent by their authority, and that they were the owners of the premises, and the actual parties in interest. Notwithstanding these facts, the complaint was dismissed on the ground that the action could only be maintained by Brown; that it was his contract, and not the contract of the plaintiffs. The doctrine of this case was reaffirmed in Henricus v. Englert, 137 N. Y. 494, 33 N. E. 550. The recent cases which have allowed parol evidence to be given in conjunction with sealed instruments, under certain conditions, where a seal was unnecessary to the validity of the instrument, do not seem to have abrogated the rule above stated. The following are

some of the cases referred to, but they do not abrogate the rule involved in the case at bar: Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119; Bank v. Faurot, 149 N. Y. 537, 44 N. E. 164; Bridger v. Goldsmith, 143 N. Y. 427, 38 N. E. 458. Under the authorities above cited, I must hold that, so far as this action is concerned, the amount unpaid on the contract in question must be deemed to be the property of Elvin W. Kirtland.

We now come to the question, which of the two claimants has the superior right to the amount due upon the contract. The claim of the defendant rests upon his lien. He did not acquire a lien until his notice was filed. Prior to that time he was a general creditor, with no greater equities than other general creditors. The plaintiff having been appointed receiver, and his receivership having been perfected, before the defendant filed his notice, the rights of the plaintiff as such receiver are superior and prior to the rights of the defendant. This proposition is so well settled, and the facts so clearly within the rule to be applied, that it need not be discussed. Payne v. Wilson, 74 N. Y. 348; McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229.

The plaintiff challenges the sufficiency of the notice of lien, and also claims that the defendant is estopped from denying the title of E. W. Kirtland to the fund in question, as he has filed his lien and proceeded against E. W. Kirtland as the owner thereof. In view of the conclusions already expressed, these contentions need not be considered. It follows that the plaintiff is entitled to judgment against the defendant for the amount deposited in court, $332.80, and interest thereon from the time of the deposit, April 22, 1898, with costs.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. B. Matterson, for appellant.
T. B. & L. M. Merchant, for respondent.

PER CURIAM.   Judgment affirmed, with costs.

---

OSBORNE CO. v. FRANKLIN MILLS CO.

(Supreme Court, Appellate Division, Fourth Department.   November 22, 1899.)

CONTRACTS—REFUSAL TO PERFORM—QUANTUM MERUIT.
> Where defendant agreed to place an order with plaintiff for a certain amount of advertising matter, provided a design therefor, to be made by plaintiff, was satisfactory to them, and plaintiff at some expense prepared the design, and defendant refused to accept it on the ground that they had made other arrangements as to a design, plaintiff can treat the refusal as a breach of the contract, and sue on a quantum meruit for the expense of preparing the design.

Appeal from Niagara county court.

Action by the Osborne Company against the Franklin Mills Company on a quantum meruit. From a judgment of a county court affirming a judgment of a justice in favor of plaintiff, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

David Millar, for appellant.
Mortimer A. Federspiel, for respondent.

SPRING, J.   The plaintiff is a foreign corporation, and had done work in designing calendars to be used by defendant in advertising.