(79 App. Div. 98.)

In re SILLIMAN.

(Supreme Court, Appellate Division, Second Department. January 30, 1903.)

1. TRANSFER TAX—ERRONEOUS ASSESSMENT—SURROGATE'S DECREE—REMEDY—MODIFICATION.

Transfer Tax Law, § 13 (Laws 1892, c. 399), provides that any person dissatisfied with the appraisement or assessment and determination of the tax may appeal to the surrogate. In assessing the amount of the transfer tax against a decedent's estate, no deduction was made for commissions to which the executors were entitled as trustees under the will. *Held*, that the assessment, in so far as it failed to make such deduction, having been without jurisdiction, the executors were entitled to have the surrogate's court modify its decree fixing the tax, and it was not necessary that they appeal, under chapter 399.

2. SAME.

Subsequent to the payment of the tax, the personal property of the estate was increased by the conversion of certain real property sold under

power of sale in the will, whereby the executors became entitled to an increase in the amount of their commissions. *Held* to warrant the surrogate's court in modifying the decree fixing the tax, as an appeal would afford no remedy.

Appeal from order of surrogate, Kings county.

In the matter of the appraisal under the transfer tax act of the property of Benjamin D. Silliman, deceased. From an order of the surrogate's court (77 N. Y. Supp. 267) denying an application to modify a decree fixing the tax, Edward Mitchell and another, as executors and testamentary trustees, appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

William Mitchell, for appellants.
John H. Kemble, for respondent state comptroller.

WILLARD BARTLETT, J. This was an application to modify a decree of the surrogate's court of Kings county fixing the transfer tax upon the estate of Benjamin D. Silliman, deceased. In 1901 the executors and trustees under the will paid to the comptroller of the state of New York $51,466.71, being the amount of the transfer tax as previously assessed under a decree and modified decree of the surrogate's court. In the present proceeding the executors and trustees sought a modification of the previous decrees on two grounds: (1) That subsequently to the payment of the tax, the personal property of the estate had been increased by the conversion of certain real property which had been sold under a power of sale contained in the will, the effect of such sale being to entitle the executors to an increase of $1,500 in the amount of their commissions; and (2) that, in assessing the amount of the transfer tax, no deduction had ever been made for the commissions upon the real and personal property of the deceased to which the appellants were entitled as trustees under the will; the tax on such commissions amounting to the sum of $1,072.74.

There was no dispute as to the facts alleged by the appellants in support of their application; but the learned surrogate denied the motion, as we gather from his opinion, solely upon the ground that the only remedy of the appellants was by appeal, under section 13 of the transfer tax law (Laws 1892, c. 399). In support of this view, he cited In re Crerar's Estate, 56 App. Div. 479, 67 N. Y. Supp. 795. We think that case is readily distinguishable on the facts from the case at bar, and that the surrogate's court possessed the power to make the modification which was sought in this proceeding. Since the payment of the transfer tax upon this estate, the court of appeals has decided that the amount represented by the expense of administration never passes to the legatees or next of kin, and is therefore not subject to the transfer tax. In re Gihon's Estate, 169 N. Y. 443, 62 N. E. 561. In the opinion in the case cited, speaking of the commissions of trustees under a will, Judge Cullen, writing for the court, declared that:

"The deduction of the trustees' commissions is justified and required by section 227 of the tax law itself, which prescribes that any legacy or devise to trustees in excess of their commissions allowed by law shall be taxable; thus necessarily implying that legal commissions shall be exempt."

80 N.Y.S.—22

It would seem, therefore, that the previous assessment of the tax, so far as it included such commissions, was without jurisdiction, and that the surrogate's court possessed power to modify its prior decree so as to exclude such commissions from consideration as any part of the sum upon which the tax was to be assessed. In re Coogan, 27 Misc. Rep. 563, 59 N. Y. Supp. 111, affirmed by the appellate division (45 App. Div. 628, 61 N. Y. Supp. 1144), and by the court of appeals (162 N. Y. 613, 57 N. E. 1107). See, also, Morgan v. Cowie, 49 App. Div. 612, 63 N. Y. Supp. 608.

So far as the conversion of a portion of the testator's real property into personal estate is concerned, it distinctly appears that such conversion took place over six months after the payment of the tax, so that the relief sought on that ground could not possibly have been obtained by appeal.

The order refusing the desired modification should be reversed, and the case remitted to the surrogate's court for proceedings in accordance with this opinion.

Order reversed, with $10 costs and disbursements, and case remitted to the surrogate's court. All concur.