In the Matter of the Estate of FERDINAND H. P. JAGNOW, Deceased.

Surrogate's Court, Nassau County, July 13, 1933.

*Harry M. Peyser* [*Percy B. Stoddart* of counsel], for the State Tax Commission.

*Carl A. Espach,* for the administrator c. t. a.

HOWELL, S. The decedent died March 8, 1929, leaving property which passed to his sister. On December 18, 1930, the surrogate made an order assessing the tax, and again on June 1, 1932, made a further order amending the prior order. Both orders fixed the tax at one per cent and two per cent. Both were made and entered upon notice to the State Tax Commission, which appeared by attorney and did not object. No appeal was taken from either order and the time to appeal has expired. (Tax Law, § 232.) The State Tax Commission now asserts that, the transfer being to a sister, the tax should have been assessed at two per cent and three per cent (Tax Law, § 221-a) and seeks by motion to vacate the prior orders and to procure a new order assessing the tax accordingly.

Had the State Tax Commission appealed from the orders in question upon grounds other than that now raised — *i. e.,* the question of the rate of tax — the determination of that question in the original order would have been *res judicata* as to the commission. (*Matter of Wolfe,* 137 N. Y. 205; *Matter of Davis,* 149 id. 539; *Matter of Cook,* 194 id. 400; *Matter of Manning,* 169 id. 449; *Matter of Fletcher,* 219 App. Div. 5; *Matter of Manville,* 224 id. 820; *Matter of Reynolds,*

97 Misc. 555; *Matter of Harkness*, 134 id. 203; affd., 223 App. Div. 880, appeal dismissed, 251 N. Y. 524; *Matter of Kountze* [Surrogate FOLEY, N. Y. L. J. Oct. 17, 1931]; *Matter of Ginsburg* [Surrogate HOWELL, unreported].)

In *Matter of Davis (supra)* the appeal was taken only from that portion of the order directing the collection of interest from the date of decedent's death. It was held that, upon such appeal, the surrogate was without power to revise the entire decree and to make a new one, or to interfere with any portion of it except the part appealed from.

In *Matter of Fletcher (supra)*, salary undrawn by decedent from a corporation was involved. The State Tax Commission asserted that it should be taxed at the highest rates as a gift to the corporation. The surrogate held that it should be taxed as having passed as part of decedent's estate to his beneficiaries, and hence at the lower rates. An order was made accordingly, from which the Tax Commission did not appeal. The order was held to be res *judicata* upon that question.

In *Matter of Kountze (supra)* the order assessed a tax against the executors for the benefit of persons in the one per cent class. The State Tax Commission appealed, but not upon that ground. Surrogate FOLEY said: " If any error of law was committed in the provisions of either of those orders it should have been reviewed by a proper appeal. It is too late now to assert that the maximum tax should have been based upon a possible vesting in persons of the five per cent class. The order of 1923 is res *adjudicata* and conclusive upon this issue."

In *Matter of Ginsburg (supra)* the same situation existed, except that there the original taxing order assessed the tax to the executors for the benefit of persons in the five per cent class. The executors appealed, but not upon that ground. The surrogate sustained the contention of the commission, upon the authorities above cited, that the question was res *judicata*.

It is difficult to see how, in the instant case the commission, having taken no appeal whatsoever, may be placed in any better position than it would have been had it taken an appeal, but upon grounds other than the question of rates.

In its moving affidavit it asserts that the orders assessed the tax at the one per cent and two per cent rates " through clerical error and inadvertently."

The power of the surrogate to open or vacate a decree is limited to cases where " fraud, newly discovered evidence, clerical error, or other sufficient cause " is shown. (Surr. Ct. Act, § 20, subd. 6.) " Other sufficient cause " has been construed to mean " causes of

like nature with those specifically named." (*Matter of Tilden*, 98 N. Y. 434, 442.)

The power exists where jurisdiction has been mistakenly assumed (*Matter of Silliman*, 79 App. Div. 98; affd., 175 N. Y. 513); or to correct a mere clerical error (*Matter of Robertson*, 51 App. Div. 117; affd., 165 N. Y. 675; *Matter of Henderson*, 157 id. 423); or an inadvertent mistake of fact (*Morgan* v. *Cowie*, 49 App. Div. 612; *Matter of Earle*, 74 id. 458; *Matter of Scrimgeour*, 80 id. 388; affd., 175 N. Y. 507; *Matter of Willets*, 119 App. Div. 119; affd., 190 N. Y. 527).

There is presented here no question of fraud, or of newly discovered evidence. If there was an " inadvertent " mistake, it was one of law, not of fact. If the power exists, therefore, in this case, its existence, must rest upon the claim of " clerical error." There is a manifest clerical error, for example, where an arithmetical mistake in calculation has been made. (*Matter of Henderson, supra.*) But here there is no error or mistake in calculation. The error was in applying the wrong rates. If that is an error of law it could be corrected only by appeal. (*Matter of Putnam*, 220 App. Div. 34; *Matter of Starbuck*, 221 id. 702; affd., 248 N. Y. 555; *Matter of Bernnan*, 251 id. 39.) Where the error is a judicial error, or error of law only, the surrogate is without power to correct it by modifying or vacating his own decree. In two recent instances the Appellate Division has reversed this court for that reason and upon the authorities last above cited. (*Matter of Garvin*, 235 App. Div. 696; *Matter of Chapal*, 236 id. 805.)

Was the error, therefore, in this case a judicial error or error of law only? I think not. The original application by the representatives of decedent's estate to the surrogate was by notice of motion wherein they sought " an order fixing tax on the estate of the deceased." Obviously there was no objection on the part of the State Tax Commission to the granting of the motion and it was consequently marked for a decree. Apparently a taxing order was then prepared and submitted by the representatives of the decedent's estate without notice to the State Tax Commission in which order the tax was fixed at one per cent on the first $25,000, and two per cent on the balance. This order was signed by the court in spite of the fact that the statute definitely prescribed the tax at two per cent on the first $25,000, and three per cent on the balance. It is not contended that the question whether the estate was subject to tax at one rate or the other was over asserted or contested before the surrogate or judicially passed upon or decided by him. In other words, it is not contended that the matter was litigated at all before the surrogate and it is evident that the order as presented to him was signed by him inadvertently.

The right of the surrogate to correct his own erroneous order under such circumstances is supported both by the statutes and the decisions.

In *Matter of Scrimgeour* (80 App. Div. 388; affd., 175 N. Y. 507) a tax had been imposed under a statute which was declared unconstitutional by the Court of Appeals. After the time to appeal therefrom had expired the surrogate vacated the decree. He was upheld by the Appellate Division in the Second Department upon the ground that the taxing order was void and that the surrogate, therefore, under the act which is now subdivision 6 of section 20 of the Surrogate's Court Act, had complete jurisdiction to vacate the same. The Court of Appeals, affirming, said: " Both parties mistakenly supposed that the estate was, under the law, subject to a transfer tax. The proposition was not litigated nor decided, but assumed. We think it was within the power of the surrogate, on an application to his discretion and favor, to open the case, relieve the respondents from the consequence of their mistake and set aside the order which had been erroneously made."

In *Matter of Coogan* (27 Misc. 563; affd., 45 App. Div. 628; affd., 162 N. Y. 613) the original taxing order made by the surrogate had imposed a tax upon the transfer of United States Government bonds which were, as a matter of law, exempt from taxation under the Transfer Tax Act. That being so it was held that the surrogate was without jurisdiction to assess a tax upon those bonds and that consequently the tax was not merely erroneous but illegal for lack of jurisdiction; and that under the statute referred to the surrogate had power to open and vacate the taxing order.

In *Matter of Earle* (74 App. Div. 458) the report of the transfer tax appraiser was defective in not stating the value of the property subject to tax on the date of testator's death. The report was confirmed by the surrogate, who in making the order of confirmation did so inadvertently without noticing the defect. The defect being subsequently discovered he vacated and set aside the order. He was sustained by the Appellate Division in the First Department upon the ground that he properly exercised his authority for the purpose of correcting an error committed under a mistake of fact.

In *Matter of Silliman* (79 App. Div. 98; affd., 175 N. Y. 513) the taxing order as made failed to allow for the deduction of the executor's commissions as trustees. Application to modify the taxing order was denied. The Appellate Division in the Second Department reversed upon the ground that the making of a taxing order including commissions was without jurisdiction and that the Surrogate's Court possessed power to modify the taxing order so as to

exclude such commissions. The Court of Appeals affirmed without opinion.

In *Matter of Scott* (N. Y. L. J. Aug. 7, 1912; affd., 208 N. Y. 602) application was granted to modify a taxing order by correcting the amount of the tax assessed. The order fixing the tax had assessed an erroneous amount due to error in calculation. No appeal had been taken therefrom. The time to appeal had expired. It was held, nevertheless, that such a mistake was necessarily a mistake of fact which the surrogate might correct although the time to appeal had expired. The learned surrogate in that case said " As the jurisdiction of the surrogate to assess a transfer tax is derived exclusively from the Transfer Tax Law, the assessment of the tax at a rate in excess of that prescribed by the statute was without jurisdiction and the order of assessment was void to that extent. The surrogate may correct such an order although no appeal therefrom was taken within the time prescribed by the Statute."

In *Matter of Matthies* (N. Y. L. J. Jan. 5, 1924) the State Tax Commission moved to vacate a taxing order on the ground that through inadvertency and improper assumption of both parties, deductions had been computed according to provisions of the Tax Law which were not in effect at the time of decedent's death. The application was granted and the power of the surrogate to grant relief in such circumstances was exercised.

In addition to the powers conferred upon the surrogate by the Surrogate's Court Act, section 20, subdivision 6, I am of the opinion that the Tax Law, section 225, likewise contemplates or permits the surrogate to modify in a proper case a taxing order within a period of two years after the date of the entry of the order fixing the tax. (See *Matter of Willets*, 119 App. Div. 119; affd., 190 N. Y. 527; *Matter of Holland*, Surrogate's Court, Nassau County, 143 Misc. 851.)

In the case before me the surrogate had power to fix transfer tax only as provided by the statute. He, therefore, was empowered to fix the tax in this particular case only at the two per cent and three per cent rates. The making of an order fixing the tax at the one per cent and two per cent rates was, therefore, either an inadvertent mistake of fact or a void order made without jurisdiction. In either case it may be corrected.

The application is, therefore, granted. Settle order on notice.