THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROBERT W. SMITH CORPORATION and ROYAL INDEMNITY COMPANY, Respondents.

Third Department, May 13, 1936.

*John J. Bennett, Jr., Attorney-General* [*John M. Stull* and *Hugh Reilly, Assistant Attorneys-General,* and *Henry Epstein, Solicitor General,* of counsel], for the appellant.

*Ainsworth & Sullivan* [*Charles B. Sullivan* and *Warner M. Bouck* of counsel], for the respondents.

RHODES, J   The action is brought against a road contractor and the surety on its bond, to recover the sum of $83,872.93, arising out of the failure of the contractor to complete and properly perform the work under the contract.   The action was commenced January 25, 1924.   In February, 1925, the venue was changed from Suffolk county to Albany county, and in April, 1925, there was a substitution of attorneys.   After 1925 no note of issue or notice of trial was filed or served, until February 15, 1934, when a note of issue was served in behalf of plaintiff, and a notice of trial was served on plaintiff's behalf, which notice of trial was within twenty-four hours returned to the Attorney-General   upon the ground that service of such notice of trial was improper.   Thereafter by affidavit and order to show cause, dated March 7, 1934, plaintiff applied for and later obtained, the order herein appealed from.

On behalf of plaintiff it is claimed that the delay in proceeding herein between 1925 and 1934 was caused by changes in the incumbency in the office of the Attorney-General, and that as a result, this action was overlooked and forgotten.   It is also argued for plaintiff that the public interest requires or justifies the appli-

cation of a different rule as to the People of the State from that governing actions by private persons, concerning laches or neglect in the prosecution of actions. However, section 1206 of the Civil Practice Act states that " The proceedings in an action brought in behalf of the people are the same as in an action by a private person, except as otherwise specially prescribed by statute or rule."

It is set forth in the moving affidavit that thousands of cases of later issue than the above-entitled action have been tried and disposed of. In such a case where no satisfactory explanation is made, the court is not authorized to exercise its discretion in plaintiff's favor. (*Armstrong* v. *Star Co.*, 154 App. Div. 320.)

It is also asserted by counsel for defendants that by reason of plaintiff's long delay, witnesses and evidence material to the defense have become unavailable. Even in the absence of facts showing such prejudice to defendants' interests, such an inference seems justified.

It is of interest to note that after the failure to proceed which resulted in the order of dismissal a further unexplained delay occurred in the prosecution of this appeal. The notice of appeal is dated April 27, 1934, and the argument took place May 6, 1936.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment and order affirmed, with ten dollars costs and disbursements against the appellant.