In the Matter of the Estate of ISRAEL LEWIS, Deceased.

Surrogate's Court, Kings County, June 19, 1944.

*Julius Fine* for Harry Lewis, as executor.

*Fred M. Ahern* for State Tax Commission.

McGAREY, S.   The surviving executor of the decedent seeks an order waiving payment of interest upon the estate tax heretofore assessed or, in the alternative, remitting the rate of interest thereon from 10% to 6% per annum.

Testator died on March 8, 1939.   On April 4, 1941, an order was made appointing an appraiser herein, and schedules were filed with him on May 5, 1941.   The appraiser made his report on May 22, 1944, and found the net estate to be $16,475 which was absorbed by applicable exemptions, but assessed a tax of $4,485 under the provisions of the next to last paragraph of section 249-n of the Tax Law.

The testator in his lifetime had made several transfers in trust of property having an aggregate value of $497,000 which were disclosed in the schedules filed with the State tax appraiser. In order to avoid litigation with the Federal taxing authorities over the question of whether these transfers were properly included in the Federal taxable estate, the executors effected a compromise settlement by paying the sum of $50,000 against which was allowed the usual 80% credit on the basic tax for payment of State estate taxes.   Payment of the Federal tax was made on December 6, 1943, and payment of the New York estate tax without interest on December 23, 1943.

In contending that no interest accrued upon the tax herein assessed, the petitioner seeks to distinguish between a tax imposed upon a net estate under the specified percentage rates and the provision designed to insure payment to the State of the difference between the tax actually paid to it and that allowable to the estate against the Federal tax. In the opinion of the court no valid distinction may be drawn. The additional tax provided for is expressly " imposed upon the transfer of the net estate." While the result herein is somewhat anomalous, the tax imposed followed as a matter of course, independent of whether the executors claimed or sought credit against the Federal tax. (*Matter of Thalmann,* 177 Misc. 1055.) Article 10-C in this respect is designed to assure assessment and payment of this additional tax, for there is imposed by section 294-w upon " the executor of every estate which is subject to the United States estate tax " the mandatory duty " to file with the tax commission a copy of the final determination thereof forthwith after the same is made." The last paragraph of section 249-n makes no distinction as to the basis for assessment of a tax thereunder, for it reads " The tax imposed by this section * * *." Again, section 249-z begins, " The tax imposed by this article shall be due and payable at the time of the decedent's death * * *," thereby dealing with both the basic and additional tax on an equivalent basis.

The court accordingly holds that the tax herein assessed was subject to the penalty for nonpayment thereof, of interest at the rate of 10% per annum from date of death of the decedent. The request that such penalty be waived entirely is beyond the power of the court to grant. (*Matter of Meyer,* 176 Misc. 266.) The moving papers, however, disclose sufficient unavoidable cause for delay in the determination and payment of the tax herein to warrant reduction of the rate of interest, which is accordingly reduced from 10% to 6%, conditioned upon the payment of the interest computed in accordance herewith, within ten days from the date hereof.

Under the circumstances here presented the arbitrary operation of the Tax Law effects a hardship upon the estate. The State Tax Commission has not sought the inclusion in the gross estate of the property transferred by the decedent in his lifetime. The executors could not readily anticipate the assessment of the additional estate tax herein, nor even closely guess at the amount therof, so as to permit them, as a practical matter, to deposit an equivalent amount in order to avoid interest accruing. The court is of the opinion that under the

facts of this case a remedy should be available to the taxpayer. Jurisdiction should be granted either to the Tax Commission or to the court to relieve the estate of the burden of interest where payment of the additional tax is made within thirty days after the filing of a copy of the final determination of the United States estate tax with the Tax Commission. The remedy, however, lies within the province of the Legislature and not with the courts.

Submit order, on notice, in accordance herewith.