Joseph W. Cribb, S.
Decedent died April 24, 1959, and her will was admitted to probate by this court on April 30,1959.
Letters testamentary were issued to Kenneth Barker Devlin, a son. He and his sister share the estate equally, and, while no formal decree of judicial settlement has been had, it appears from the affidavit of the attorney for the estate that a final distribution of all assets was made on May 8, 1961.
A New York estate tax return was filed and a pro forma order entered July 3,1959, assessing the tax at a rate of 1%. Actually a 2% rate should have been used as the rate of tax changed April 1,1959, increasing from 1% to 2% the applicable rate. The State Tax Commission appeared by its attorney who prepared the “ Recapitulation ” sheet using the 1% rate from which the attorney for the estate prepared the order fixing tax. No appeal was taken therefrom, and the time to appeal pursuant to section 249-x of the Tax Law has expired.
However, by order to show cause dated October 22, 1963, the commission has duly moved to open the estate tax proceedings and for an order modifying and amending the original order to reflect the correct 2% rate.
Since the time to appeal has expired, the commission’s only remedy is pursuant to subdivision 6 of section 20 the the Surrogate’s Court Act, which grants a Surrogate power to open, vacate, or modify a decree or order of his court “for fraud, newly discovered evidence, clerical error, or other sufficient cause ”.
*60 It is well settled that an error' of law can only he corrected on appeal. (Matter of Putnam, 220 App. Div. 34, 37; Matter of Siegel, 160 Misc. 144, 145; Matter of Ford, 198 Misc. 69, 71; Matter of Brennan, 251 N. Y. 39.) Section 20 vests a Surrogate with jurisdiction to modify or vacate only in respect to the things specified in that statute and for causes of like nature. (Matter of Brennan, supra.)
On the other hand, it has been held that there is no time limitation on the power of the court to correct a clerical error or error in fact, and that when and under what circumstances the power may be exercised are questions addressed to the court in which the application is made. (Matter of Henderson, 157 N. Y. 423, 426.)
Thus a determination of this application depends first of all on whether the error committed was one of law or of fact. If the former, this court is without power to correct the mistake; if the latter, it is. I find that the error was one of fact. (Matter of Jagnow, 148 Misc. 657.) It is not contended that the question whether the estate was subject to tax at one rate or the other was ever asserted or contested before the Surrogate or judicially passed upon or decided by him. In other words, it is not contended that the matter was litigated at all before the Surrogate and it is evident that the order as presented to him was signed inadventently.
It is asserted by the executor of the estate, however, that the doctrine of laches bars this application, and upon this point the facts of the ease become particularly significant. The affidavit filed by the estate’s attorney reveals facts (not controverted by the representative of the State Tax Commission) as follows: That after the order of July 3, 1959, fixing tax at $1,272.27 was signed, said tax was paid on July 8, 1959; that on July 24, 1959, the bulk of the estate was distributed but funds were reserved to pay Federal estate tax, attorney’s fees, and other contingencies ; that on January 12,1960, a letter was received by the estate attorney from the State Tax representative advising him of the error and requesting that an amended order be entered, that the executor was then in Florida, but that on April 8, 1960 the State Tax representative was advised that the estate would resist any efforts for an amended order; that a tentative meeting was scheduled but never held; that on June 9, 1960, the Federal estate tax was paid and that on August 23, 1960, a final audit of same was received; that on May 8, 1961, a final distribution of all assets was made; that on December 7,1962, the Senior Tax Administrative Supervisor of the State of New York advised the executor that an amended order had been requested October *61 1, 1962, and that another letter was received January 4, 1963; that no response was made to these letters as the estate’s attorney had advised the State Tax representative on April 8, 1960, that estate did not intend to acquiesce in an amended order.
A period of slightly over three and one-half years elapsed, therefore, before this proceeding was commenced in spite of the estate’s avowed intention of not acquiescing in an amended order. The tax representative argues that there can be no question of laches because of the letter of January 12,1960, notifying the executor of the mistake and enclosing an affidavit and proposed order. Nonetheless, nothing was done to appeal under section 249-x of the Tax Law although there was still time to do so. Nor was any proceeding brought under subdivision 6 of section 20 of the Surrogate’s Court Act until over a year and one half after the two-year appeal period had expired.
The executor waited from August 23, 1960, the time of the final Federal tax audit, until May 8,1961, before completing final distribution. It seems to me that the Tax Commission had ample opportunity to pursue all remedies available and that it is guilty of laches in this matter.
I am cognizant of the fact that the Jagnow case cited above permitted the modification upon a somewhat similar factual situation. However, the delay in that case was only two and one-half years from the date of the original order and but one and one-half years after an amended order. Neither was there any indication that distribution had been made.
The defense of laches has been held applicable to motions under subdivision 6 of section 20 of the Surrogate’s Court Act and its forerunner, subdivision 6 of section 2490 of the Code of Civil Procedure. (Matter of Steigerwald, 2 Misc 2d 389.) In the Steigerwald case relief was denied the State Tax Commission where only about two years and eight months had elapsed since the taxing order was signed. There should come a time when, after an order of a court is made, interested parties may proceed under it with safety. The element and importance of finality has been appreciated by the courts. (Matter of Steigerwald, supra; Matter of Wright, 2 Misc 2d 378.)
For the reasons stated and in my discretion the motion of the State Tax Commission is denied.