Lawrence E. Kahn, S.
The issue involved in this proceeding is whether or not a mistake in assessing tax in the order fixing tax with regard to an insurance exemption can be remedied by the Surrogate vacating said order. The taxpayer contends that such a mistake can only be remedied by appeal to the Surrogate and in this case, the applicable appeal time expired before a notice of appeal was filed.
Briefly, the facts are as follows: Harry C. Bradley, Jr., died on the 24th day of May, 1972, and his will was probated on August 15, 1972. On October 29, 1973, the New York Estate Tax petition along with a notice of appearance and consent and order exempting the estate from tax was filed with the Estate Tax Attorney for Albany County. On March 11, 1974 an order was entered in Surrogate’s Court, Albany County, exempting the estate from tax. On May 20, 1974 a notice of appeal was filed by the Tax Commission with the Surrogate’s Court, Albany County. This was 67 days after the entering of the order in the Surrogate’s Court exempting the estate from tax. The matter is presently before the court on an order to show cause of the Tax Commission.
The reason for the original notice of appeal and for the present order to show cause is the Tax Commissioner’s contention that an erroneous insurance exemption under the Tax Law (§ 958, subd [b], par [3]) was made, and that the estate rather than being exempt from tax owes the State $845.07.
It is agreed by all parties that an excessive exemption was granted when the Surrogate fixed the tax. The threshold issue before this court is whether such an error can be corrected by the Surrogate by vacating the order, or whether such error can only be corrected by appeal to the Surrogate.
SCPA 2008, dealing with appeals states that: "The tax commission or fiduciary if dissatisfied with the determination of tax may appeal therefrom to the court within 60 days from the entry of the order. Such an appeal shall be governed by the provisions of section 249-x of the tax law.”
Section 249-x of the Tax Law provides as follows: "The tax commission or the fiduciary as defined in SCPA 2001, if dissatisfied with the determination of tax may appeal there *1009 from to the surrogate within sixty days from the entry of the order fixing, assessing and determining the tax by the surrogate as herein provided, upon filing in the office of the surrogate a written notice of appeal, which shall state the grounds upon which the appeal is taken; such appeal may be taken at any time on the ground that the return of the fiduciary was false or fraudulent or did not include all of the property of the estate”.
In this case, then, the timé for appeal has expired, the notice of appeal having been filed seven days after the expiration of the time limit.
Section 249-x goes on to state in the second paragraph that: "Within two years after the entry of an order or decree of a surrogate determining the value of an estate and assessing the tax thereon, the tax commission may, if it believes that such appraisal, assessment or determination has been fraudulent, collusively or erroneously made, make application to a justice of the supreme court of the judicial district embracing the surrogate’s court in which the order or decree has been filed, for a reappraisal thereof.”
The Tax Commission initially raised the argument that the Surrogate has the power to modify its prior order fixing tax by reappraisal by combining SCPA 209 (subd 9) with the language contained in the second paragraph of section 249-x of the Tax Law. SCPA 209 (subd 9) provides that: "In the exercise of its jurisdiction, the court [Surrogate’s] shall have all the powers that the supreme court would have in like actions and proceedings including, but not limited to, such incidental powers as are necessary to convey into effect all powers expressly conferred herein.”
The applicable language in section 249-x of the Tax Law provides for the application to a Justice of the Supreme Court for reappraisal. The Tax Commission suggests that the Surrogate has this same power to reappraise by virtue of SCPA 209 (subd 9). This court does not agree with this contention. The grant of jurisdiction in section 249-x is a specific one, granting jurisdiction for reappraisal only to a Supreme Court Justice, not the Surrogate. Given the specific wording and nature of this statute, this court cannot take on the powers of a Supreme Court Justice, pursuant to section 249-x in order to correct the mistake made in the case at bar.
A number of cases have held that the distinction between whether an error can be appealed or whether the Surrogate *1010 may vacate his own order, depends on whether there was a mistake of law or a mistake of fact, an error of law being appealable and an error of fact being corrected by vacating the order. The estate herein claims the error was one of law, relying on Matter of Palmer (NYLJ, Feb. 18, 1938, p 848, col 5) and Matter of Daniels (NYLJ, Nov. 24, 1939, p 1784, col 4) and therefore states such error can no longer be corrected. The Tax Commission on the other hand proceeds on two basic theories — (1) that there was a mistake of fact and (2) that the Surrogate is empowered to fix tax only as prescribed by statute. As a result, the Tax Commission contends that if a Surrogate makes an erroneous order, it is done without jurisdiction and can be corrected by the Surrogate’s own order.
The court holds that the mistake can be corrected upon the ground that the court is not empowered to fix an erroneous order. Therefore, said erroneous order was a void one and can be corrected by vacating such order, although the time to appeal has expired. Matter of McNeil (53 Misc 2d 677, 679) states: "the jurisdiction of the Surrogate to impose a tax is derived from and is prescribed and limited by the provisions of the Tax Law. That is, his jurisdiction is limited to making correct and not erroneous determinations thereunder. If he imposes a tax in a manner not prescribed by that law, or upon property not taxable thereby, he acts without jurisdiction and this order is void pro tanto and may subsequently be modified even though the time to appeal has expired. Thus in Matter of Delafield, 109 Misc. 343, the taxing order was modified because a widow’s nontaxable dower interest had erroneously and nonjurisdictionally been taxed.”
Besides relying on Delafield, the court in the McNeil case relied on Matter of Coogan (27 Misc 563, affd sub nom. People ex rel. Coogan v Morgan, 45 App Div 628, affd 162 NY 613), Matter of Morgan (164 App Div 854, affd 215 NY 703) and Matter of Silliman (79 App Div 98, affd 175 NY 513).
In Matter of Coogan (supra, p 565) the court citing Freeman on Judgments (4th ed, § 98), stated: " 'It is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be vacated on motion, irrespective of the lapse of time. * * * The decided preponderance of authority justifies, or rather requires, a court on motion being made to vacate its judgment because it was without jurisdiction over the person or the subject-matter, to inquire whether such is the fact, and if so, to grant the relief sought.’ ”
*1011 In Matter of Morgan (supra, p 858) it was stated that: "It has also been held that where a transfer tax has been imposed through an error of law, the party prejudiced has a remedy by motion to correct the order, and is not confined to taking an appeal.”
The Morgan case in using the above language cited Matter of Silliman (supra) which dealt with trustee’s commissions. In Silliman, the court said (p 99): "It would seem, therefore, that the previous assessment of tax so far as it included such commissions was without jurisdiction, and that the Surrogate’s Court possessed power to modify its prior decree so as to exclude such commissions from consideration as any part of the sum upon which the tax was to be assessed”.
Finally, in Matter of Jagnow (148 Misc 657) citing Matter of Scott (NYLJ, Aug. 7, 1912, affd 208 NY 602) the court said (p 661): " 'As the jurisdiction of the surrogate to assess a transfer tax is derived exclusively from the Transfer Tax Law, the assessment of the tax at a rate in excess of that prescribed by the statute was without jurisdiction and the order of assessment was void to that extent. The surrogate may correct such an order although no appeal therefrom was taken within the time prescribed by the Statute.’ ” Further, in Jagnow (supra, p 661), the court held that: "The making of any order fixing the tax at one percent and two percent rates was, therefore, either an inadvertent mistake of fact or a void order made without jurisdiction. In either case it may be corrected.”
Based upon these cases, this court holds that it is not necessary to appeal within the 60-day period where there is a mistake of law or fact and where motion has been made expeditiously upon the discovery of such error. In such a case, the Surrogate may vacate such an order and assess the proper corrected tax.
The estate makes two further arguments, one concerning the need for finality in tax matters and the other that courts are obliged to construe taxing statutes to favor the taxpayer.
While this court recognizes the need for finality in tax matters, finality without proper exercise of jurisdiction is of no value. Nor is finality a goal in itself. The goal must be the just and proper assessment of tax.
As to the contention that this court should favor the taxpayer, Matter of Brown (172 Misc 413) is cited which states that a court is obliged to construe taxing statutes most favora *1012 bly to the taxpayer. That case dealt with the power to modify a pro forma order which originally fixed an incorrect tax. That court held that the failure of the executor to appeal from the pro forma order fixing the tax within the time limit for an appeal did not bar his remedy. It would seem that the statement as to favoring the taxpayer was made to further justify vacating the order. It is only equitable that just as a taxpayer is permitted to rectify a mistake, the Tax Commission, representing the taxpayers of New York State, should be given the same opportunity. A court’s determination must be based upon the law and facts of the case and not on who the parties may be.
Accordingly, the order of this court dated March 11, 1974 exempting the estate from tax is vacated and the court hereby assesses the corrected tax in the sum of $845.07.