OPINION OF THE COURT
Robert F. Doran, J.
This appeal, pursuant to section 249-x of the Tax Law, is from a supplemental order fixing estate tax on consent and stipulation of the attorney for the State Tax Commission and the attorney for the executor. The consent and stipulation reserved the State’s right of appeal.
The decedent died on December 31, 1963. On April 8, 1966, an order was entered fixing the estate tax at $4,271.13 ($4,500 had previously been paid to cover the tax). Thereafter, as a *228 result of a Federal audit, the New York taxable estate was increased, with the result that the final tax due was $4,845.68, leaving due an additional tax of $345.68. The stipulation and consent entered into between the attorney for the State Tax Commission and the attorney for the executor indicated that the $345.68 was to be payable without interest. The order entered by the former Surrogate was dated October 22, 1971, and it indicated that the additional amount due was to be payable without interest.
A notice of appeal was filed by the State Tax Commission on June 7, 1972.
The position of the State Tax Commission is that section 249-z of the Tax Law does not grant any authority to a Surrogate to dispense with interest. At most, that section merely provides that under certain circumstances, and in his discretion, the Surrogate may reduce interest ordinarily chargeable at the rate of 10% per annum to 6% per annum. Therefore, the State Tax Commission claims on appeal that interest at the rate of 10% is payable on the $345.68 from the date of the decedent’s death.
The court agrees with the State Tax Commission that the order dispensing with interest was contrary to both statutory and case law (see Tax law, § 249-z; Matter of Lewis, 183 Misc 560; Matter of Meyer, 176 Misc 266). However, the court concludes that the appeal must nevertheless be dismissed.
SCPA 2008 and section 249-x of the Tax Law state that an appeal must be taken within 60 days from the entry of the order. There are certain exceptions in section 249-x of the Tax Law (i.e., when the return of the fiduciary is fraudulent or false or when the return does not include all of the property of the estate) which are not applicable here. The notice of appeal was not filed until some seven and one-half months after the entry of the supplemental order fixing the additional tax without interest.
The facts show that on December 6, 1971 the State Tax Commission by letter to the local estate tax attorney requested that he seek a second amended order on the ground that interest could not be dispensed with. Apparently, the local estate tax attorney discussed this matter with the attorney for the estate and wrote to the State Tax Commission on December 23, 1971. The State Tax Commission, on March 2, 1972, responded to that letter and again instructed the local estate tax attorney to arrange for the entry of a second *229 amended order as requested in its letter of December 6, 1971. As far as the State Tax Commission was concerned, the ground upon which the attorney for the estate was attempting to justify that no interest at all be imposed did not apply in this case. As stated previously, the notice of appeal was not filed in Surrogate’s Court until June 7, 1972.
This court is cognizant of Matter of Bradley (84 Misc 2d 1007), wherein Surrogate Kahn held that an erroneous tax order based on either a mistake of law or fact can be vacated and the proper corrected tax can be assessed and that it is not necessary to appeal within the 60-day period. However, in Bradley, the State Tax Commission not only filed a notice of appeal but also moved expeditiously by way of an order to show cause to have the order amended. In the instant case, there was solely a notice of appeal filed, and no application has been made by way of order to show cause to have the order amended or to have the order vacated and a new one entered. In Bradley, the relief was granted on the basis of the order to show cause.
This court finds the factual circumstances of this case and Bradley to be sufficiently distinguishable so as to conclude that the State cannot succeed in its claim that interest should be payable on the additional tax due from the date of death.
The latest correspondence from the State Tax Commission to the local estate tax attorney, dated March 9, 1978, instructs him to attempt, "if still possible to do so,” to have the appeal treated as a petiton to reopen the order. The court holds that the State Tax Commission is much too late in its attempt to come within the holding of Bradley and is clearly guilty of laches in the matter of having the appeal treated as a petiton to reopen or to vacate the order and enter a new one in accordance with Bradley.
In short, the only matter before the court is the notice of appeal, and that clearly was filed far beyond the 60-day time period prescribed by statute.
Submit decree dismissing appeal.