OPINION OF THE COURT
Bertram R. Gelfand, S.
This is a motion by the State Tax Commission for leave to argue an appeal to this court that it instituted on July 14, 1972 from a pro forma order of this court entered May 19, 1972 fixing the amount of estate taxes. The appeal was never placed on the calendar for argument. The attorney who represented the executrix in the tax proceeding has submitted an *968 affidavit in opposition which indicated, inter alia, that he had no knowledge of the present whereabouts of the executrix and that the assets of the estate had long since been distributed. His essential position is that the application should be denied on the ground of gross laches.
The order at issue fixed the estate tax in the sum of $268.30. Schedule E of the petition in the tax proceeding sets forth a value of $3,913.40 for decedent’s interest as a joint tenant with her daughter in a First National City Bank savings account which had a balance at the date of decedent’s death of $7,826.80. Movant failed to raise any question as to the propriety of either the petition or the order fixing the tax at the time the pro forma order was submitted to the court. However, in its timely notice of appeal, movant contended that the order was erroneous and that the full value of the joint bank account, instead of one half thereof, was subject to the estate tax and that therefore the gross estate should be increased from $27,572.40 to $31,485.80. This would result in an increase in the net estate tax from the sum of $268.03, as provided in the order, to the sum of $346.30. Accordingly, this matter, which has now arisen from protracted dormancy like Rip Van Winkle, involves an attempt by the State Tax Commission to pursue its effort begun approximately seven years ago to increase the estate tax by $78.27.
The statutory procedure relative to tax proceedings in the Surrogate’s Court is rather unique. The court in the first instance enters a pro forma order in what is essentially an administrative capacity as an assessor. Thereafter, if any party asserts that the pro forma order is erroneous an appeal from that order is made to the same court in its judicial role. Under this unique procedure it is proper to raise a question for the first time at the stage of the proceeding which is denoted as the "appeal”. Although SCPA 2008 and section 249-x of the Tax Law provide that a notice of appeal must be filed in the court within 60 days of the entry of the order, neither the governing statutes nor any heretofore promulgated rule either expressly authorizes, or prohibits, continuing the prosecution of such an appeal regardless of the period of time that it is pending without any activity.
Petitioner contends that since it filed a notice of appeal in this court on July 14, 1972, which was within 60 days of the entry of the order fixing the estate tax, it has an absolute right under SCPA 2008 and section 249-x of the Tax Law to *969 prosecute the appeal at this date nothwithstanding that it has permitted this appeal to remain in hibernation for the approximately seven years that have elapsed between the filing of the notice of appeal and the return date of the instant motion.
The fundamental purpose of a system of law is to facilitate the peaceful settlement of legitimate disputes. The procedures created to justly achieve this goal cannot equitably ever be allowed to be perverted so that litigation is more of an onerous harassment than a device for the meaningful adjudication of an issue of sufficient substance to require determination.
Essential to any fair system of law is that the great and humble be able to approach the bar of justice equally. This does not mean that the powerful may not pursue their rights against those less powerful. However, in evaluating the issues here presented the identity of the litigants has significance. Sensitivity must be shown to the extent to which the sovereign, by its enormous capacity to litigate the smallest issue without regard for cost, can by such litigation place the relatively weak citizen in a position where a successful defense may be less of a victory than to accept total defeat by default, regardless of the merits of the matter. Accordingly, there is here presented a clear question as to whether equitably the Tax Commission may be permitted to proceed with the appeal or whether any further proceedings at this time are barred by laches or some related doctrine. Neither party has cited any authority directly in point.
"The defense of laches is based upon the principle that plaintiffs have delayed to the prejudice of defendants.” (Marcus v Village of Mamaroneck, 283 NY 325, 332.) There are cases which discuss doubts as to the availability of the doctrine of laches since the enactment of Statutes of Limitations (see Dailey v Smiley, 65 AD2d 915, citing Matter of Huey v Sipprell, 42 AD2d 1028; Bohemian Brethren Presbyt. Church v Greek Archdiocesan Cathedral of Holy Trinity, 94 Misc 2d 841, 845-846, citing Galway v Metropolitan El. Ry. Co., 128 NY 132). Others have examined whether it is a doctrine that can be applied against a sovereign (36 NY Jur, Limitations and Laches, § 155, and the authorities cited therein), and its availability in law actions as distinguished from suits in equity (Bohemian Brethren Presbyt. Church v Greek Archdiocesan Cathedral of Holy Trinity, supra, citing Schreier v Cummings, 250 App Div 808).
*970 The existence of a Statute of Limitations fixing the time within which an action can be commenced does not obliterate a litigant’s independent duty to prosecute with reasonable expedition a timely commenced action (see CPLR 3216, 3404). It is further concluded that the relationship of the sovereign to the citizen has sufficiently evolved from when King John met his lords in the meadow at Runnymeade to the point where when sovereign and citizen meet in litigation the same burdens to timely proceed with the litigation apply to the sovereign as would be applicable to a private citizen who commences litigation. This is specifically acknowledged by CPLR 1303 which provides "Except as otherwise specially prescribed by statute or rule the proceedings -fin an action brought by the state shall be the same as in an action by a private person.” (See People v Smith Corp., 247 App Div 441; CPLR 201.) What appear to be inconsistencies between the broadly enunciated principles of law as to laches and specific holdings based on each fact pattern presented, appear to be explained in part by the overlapping of the doctrine of laches, estoppel, waiver, abandonment of a claim and dismissal for failure to timely prosecute.
In determining this matter, the court is cognizant of the decision in Matter of Fuhrmann (80 Misc 2d 751, 754) wherein that court in refusing to dismiss a tax appeal which was timely filed noted that "Although the appeal was not promptly prosecuted, it remained before the court without objection by the petitioner for two and one-half years.” This court reads the above statement as indicating no more than that under the facts present in that case, the doctrine of laches did not present a basis for dismissing the appeal, which it is noted involved a significant sum of money and complex issues flowing from taxation of the same assets by a foreign country.
It is further noted that in some situations a party has a right instead of appealing from a pro forma estate tax order to make an application to reopen and vacate the pro forma tax order on the ground that it was based upon an inadvertent mistake of fact or perhaps even a mistake of law. Such applications do not have to be instituted within any rigid period of time (see and cf. Matter of Bradley, 84 Misc 2d 1007; Matter of Bunyan, 96 Misc 2d 227). Nevertheless, many of these cases have held that as against the taxpayer the defense of laches is available to the State to prevent a pro forma order *971 being vacated on the ground of mistake even though it appears that order may have been entered in error. (Matter of Bunyan, supra; Matter of McNeil, 53 Misc 2d 677; Matter of Devlin, 43 Misc 2d 59; Matter of Steigerwald, 2 Misc 2d 389; Matter of Wright, 2 Misc 2d 378.)
This court joins in the determinations which suggest that the doctrines of laches and waiver apply to estate tax proceedings. The underlying determination that is reached on the specific issue here presented is that the State, like any other party, is barred from pursuing a claim if undue delay with regard to its prosecution lulled the party against whom the claim was asserted into believing that the claim was abandoned and if this undue delay prejudiced the defendant in some way other than by the mere passage of time. It is accordingly concluded that the State Tax Commission’s having let this de minimis matter lie moribund for seven years, any reasonable party in interest would be entitled to conclude that it was abandoned with finality. The executrix not only has ceased to be involved in the administration of the estate, whose affairs appear to be concluded except for this tax appeal, but she cannot even be located. Basic principles of equity preclude on the facts here present, permitting the Tax Commission to proceed.
Clearly, the omission of the responsible tax preparer to move to dismiss the appeal cannot be deemed fatal where the amount at issue is only a fraction of the cost of such a motion. The zeal of the sovereign to collect all that is due to it is commendable, as it contributes to fairly spreading among the taxpayers the burden of paying the immense cost of modern government. However, this zeal must be exercised with reasonable timeliness so as to place the miniscule taxpayer in a reasonable position to dispute an issue if he is so inclined. Accordingly, the application for leave to now argue the appeal is denied and the appeal is dismissed as having been long abandoned by the appellant State Tax Commission.