OPINION OF THE COURT
John M. Thomas, J.
The respondent, Thomas Nichols, filed before this court an objection to a Hearing Examiner’s decision of April 6, 1987 which assesses to the respondent $1,019.88 of confinement costs incurred by the Department of Social Services in 1977 for the birth of the child Andrew Ross.
*83 The objection is based on two grounds. First, the respondent contends that the mother should bear part of the cost based upon the gender neutral interpretation of the statute as set forth in Matter of Lisa M. UU. v Mario D. VV. (78 AD2d 711 [3d Dept 1980]). The respondent is correct in his interpretation of the prevailing law, but as in the case cited, the question here is moot since Lynn Weir, the mother of the child, was on public assistance at the time the child was born and remained on public assistance for the great part of the past 10 years. Consequently, she does not have the means to make a contribution to the expenses of the birth of her child, and, therefore, the court must reject the respondent’s first contention.
Turning to the second contention, the respondent claims that the Department of Social Services is guilty of laches for failing to pursue their claim for over 10 years and is, therefore, estopped in its effort for reimbursement. Section 517 of the Family Court Act provides that a proceeding to establish paternity may be brought any time beginning with the pregnancy of the mother up until the day when the child reaches 21 years. From this proceeding flows the obligation for support and confinement expenses under section 514. Thus, the Legislature has spoken in the matter of a Statute of Limitations. The respondent admits there would be no estoppel if the mother was bringing the proceeding in her own right, but that since the action is being pursued by the Department of Social Services for reimbursement, a different standard should apply. The proof shows that the Department knew in 1977 who the father was. The court does not condone the dilatory manner in which the Department pursued its right to establish paternity and seek reimbursement. This does not alter its right, however, under the statute. Surely, an assignee of a cause of action is not relegated to a different Statute of Limitations than the original plaintiff, nor is the insurance carrier who is subrogated to its insured’s rights have to bring its cause of action sooner than the original person who suffered the damage. The objectant/respondent cites Matter of Virgillio (100 Misc 2d 967) to sustain his position. In that case, the Tax Commission, after filing a notice of appeal to the entry of a tax order, did not move for argument of the appeal until some seven years later. There the court, relying on the doctrine of laches, prohibited the Commission from arguing the appeal and dismissed the same. The case is readily distinguished in that the Legislature had not set a specific time period during *84 which an appeal from a tax order, once filed, must be pursued. In the case before the court, however, there is a definite time frame established by statute within which the Department has acted. The second case upon which the respondent relies is Matter of Sharon GG. v Duane HH. (63 NY2d 859). This was a case decided on the basis of equitable estoppel completely unrelated to any Statute of Limitations or concept of laches. In that case, a mother, who was in contempt of a court order of visitation, attempted to bring a paternity proceeding against the father for the purpose of forcing a blood test that she thought would exclude him as the real parent of the child. The child had been born during the marriage while the husband and wife were cohabiting and having sexual intercourse on a regular basis. The Court of Appeals affirmed the Family Court in its refusal to bastardize the child after a real parenting relationship had been established between the husband and the child and he had contributed regularly to the child’s support.
Unquestionably, section 517 of the Family Court Act gives a long time in which to proceed and there is good reason when it is the mother who brings the proceeding. There is, in the court’s opinion, little excuse for the Department of Social Services to have delayed so long and thusly lulling the respondent into á false sense of security. The problem, however, can only be rectified by legislative fiat and not through the courts. The principle of law must remain clear — that if there exists a Statute of Limitations, any assignee or subrogee who succeeds to the claimant’s rights, is entitled to rely on the same time frame in which it must prosecute its claim. To hold otherwise would sink the child care protection system into a morass of litigation and each person’s interpretation of what is a reasonable time or equitable in a given situation.
Therefore, the court rejects the contention of the respondent and the Hearing Examiner’s decision is affirmed.