■ In the Matter of the Estate of G. ALAN CRUICKSHANK, Deceased. JEAN M. CRUICKSHANK, as Executrix of G. ALAN CRUICKSHANK, Deceased, Respondent; STATE TAX COMMISSION, Appellant.—Weiss, J. P. Appeal from a decree of the Surrogate's Court of Saratoga County (Doran, S.), entered February 10, 1986, which granted petitioner's motion to dismiss respondent's appeal on the ground that it was not perfected in a timely manner.

G. Alan Cruickshank died November 15, 1982. In July 1984, petitioner, as executrix of the estate, filed a petition to determine the estate tax due under Tax Law article 26. A notice of appearance and consent was signed by counsel for both petitioner and respondent, the State Tax Commission, and a pro forma order was entered October 19, 1984 fixing the amount of the estate tax. Respondent, however, expressly reserved its right to appeal pursuant to Tax Law § 249-x. Respondent filed a written notice of appeal on December 12, 1984 within the required 60-day time limit (see, SCPA 2008; Tax Law § 249-x). On September 24, 1985, petitioner moved to dismiss the appeal pursuant to rule 800.12 of this court (22 NYCRR 800.12) because respondent failed to perfect its appeal within nine months of the entry and filing of the order from which the appeal was taken.* Accepting petitioner's premise that the nine-month abandonment rule applied to this proceeding, Surrogate's Court granted the motion and dismissed the appeal.

We reverse. The sole question presented is whether the nine-month time limit for perfecting an appeal set forth in this court's rules of practice applies to an estate tax proceeding. Pursuant to SCPA 2701 (1), the provisions of the CPLR generally apply to appeals *from* Surrogate's Court, "[e]xcept as otherwise provided in this act either expressly or by necessary implication" (see, 40 NY Jur 2d, Decedents' Estates, § 1433, at 490). The determinative factor here is that an appeal from a pro forma order determining the amount of estate tax is "otherwise provided" for in the SCPA, and thus is not governed by the appeal provisions of the CPLR (see, 4 NY Jur 2d, Appellate Review, § 11, at 64; 25 Carmody-Wait 2d, NY Prac § 149:317, at 404). SCPA 2008, entitled "Appeals", specifically provides that respondent "if dissatisfied with the determination of tax may appeal therefrom to [Surrogate's Court] within 60 days from the entry of the order. Such appeals shall be governed by the provisions of section 249-x of the tax law." Tax Law § 249-x, entitled "Appeal and other proceedings", delineates respondent's right to appeal to Surrogate's Court by filing a written notice of appeal within 60 days of entry of the order determining the tax. The statutory procedure is unique, for it provides a direct appeal to Surrogate's Court from its own pro forma order (see, *Matter of*

---

* We observe that where a notice of appeal or order of transfer is dated after May 1, 1986, the nine-month time limit is computed from the date of that notice of appeal or order of transfer (see, 22 NYCRR 800.12).

*Virgillio,* 100 Misc 2d 967, 968). By comparison, SCPA 2701, providing for the general applicability of the CPLR, clearly anticipates an appeal from Surrogate's Court to the Appellate Division *(see,* Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 2701, at 564-567; 4 NY Jur 2d, Appellate Review, § 4, at 58).

It follows that the nine-month time limit set forth in 22 NYCRR 800.12 does not apply here. Nor is there any similar limitation set forth in Tax Law § 249-x curtailing the period in which to perfect an appeal. This is not to suggest that respondent may delay the prosecution of an appeal indefinitely, for excessive tardiness may effect an abandonment *(see, Matter of Virgillio, supra,* at 971). Here, however, only 11 months elapsed between entry of the pro forma order and petitioner's motion to dismiss, during which period respondent reorganized its local staff and procedures. These circumstances do not effectuate an abandonment pursuant to the doctrine of laches *(supra).* Accordingly, the matter must be remitted to Surrogate's Court for further proceedings on the appeal.

Decree reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Saratoga County for further proceedings in accordance with this court's decision. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.